## Spencer Field & Co. v. Paul Cooks et als.

| 16 | 153 |
| 47 | 1081 |
| 16 | 153 |
| 116 | 412 |
| 116 | 416 |

The fact that a plaintiff has, in a previous suit, recognized defendants as forming a company, without any reference to its having been regularly incorporated, is not such an admission as will estop him from showing that the company has no legal existence as a corporation. In order to estop him there should at least be an admission that the company was entitled to exercise corporate rights and privileges.

The fact, that a party is shown to have bargained with a company through its representative officers, may, in the absence of a stipulation to the contrary, give rise to the inference that he intended to look to the members jointly for the amount of their subscription ; but if, instead of a corporation, the company should form no more than a commercial partnership, such an inference should not prevail over the recognized legal rights of the parties—particularly where it is not shown that he was in a situation to have known certainly as to the existence or non-existence of the corporation.

The failure of a company, in forming a corporation, to obtain the authorization or certificate of the District Attorney or Judge, and to have the act of incorporation duly recorded, is not a mere informality within the meaning of the 8th section of the Act of 1852, but a substantial omission which strikes the act of incorporation with nullity.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J. *Bonford, Singleton & Clack, M. M. Cohen* and *H. Dugué,* for defendants and appellants. *L. M. Day* and *B. Egan,* for plaintiffs.

Voorhies, J.   The main question at issue between these parties is, whether the defendants are a commercial firm, and, therefore, bound solidarily as partners, or whether they compose an incorporated company, the individual members of which would be bound to the amount of their subscriptions, respectively.

It is, however, contended that the plaintiffs are precluded from showing that the defendants do not constitute a corporation, because, in a previous suit, the former recognized the corporate capacity of the latter ; and secondly, because the contract, which is the basis of the present demand, was made with the company, as such.

The suit to which reference is made is not offered in evidence,—that is, the pleadings of the case. But there is in this record the following admission : "Admitted that a similar suit was brought in the Sixth District Court, on the 3d day of June, 1856, on the same bill and note sued on in this case, and that judgment of nonsuit was rendered, and said judgment was affirmed by the Supreme Court."

By reference to this decision of the court it appears, that, although the members of the company were personally cited, yet there was, in the petition, no prayer for citation or judgment against them individually ; and that the Bone Black Company, as such, had not been cited at all : hence the judgment of nonsuit.

The evidence introduced in that case, in the court below, was admitted as proof on the trial of the present demand ; but not so as regards the pleadings of the former suit.

The admission that the two suits are similar, is, we suppose, intended to supply this omission.

The recognition by the plaintiffs, that these defendants were members of a company styled the Bone Black Company, and administered as a company, does not preclude them from showing that the company has no legal existence as a corporation.   It is not the less a company, whether or not incorporated in accordance with the laws of the State ; but, as a consequence, it may or may not have the rights and privileges which appertain to those institutions.

In order to estop the plaintiffs, there should, at least, be an admission that the

20

SPENCER FIELD
v.
PAUL COOKS.

company was entitled to exercise corporate rights and privileges. The petition styles the defendants as being members of the Bone Black Company, without there being any reference made to the fact of this company having ever been incorporated. There is, therefore, no judicial admission, on the part of the plaintiffs, of the existence of the Bone Black Company as an incorporated company.

But there is another ground urged as an estoppel : that the indebtedness was incurred with the company, as such. There is no doubt that the transaction was with the company, which then was represented by its constituted officers ; but the most that can be made of this, is, that in the absence of any stipulation to the contrary, it may be inferred, that the plaintiffs intended to look for payment, not to the members personally and *in solido*, but to them jointly, for the amount of their subscription. Now, if it be granted that the company, instead of a corporation, was in fact a commercial partnership, it would be extremely dangerous to hold that such an implication should prevail over the recognized legal right of the parties, the more so, where it is not shown that they were in a situation to be aware of the true state of facts as to the existence or non-existence of the corporation. Parties are not presumed easily to abandon their rights.

The case of *Pochelu* v. *Kemper* is not in point. It was there decided that, having obtained a judgment against the company as a corporation, the plaintiff was afterwards estopped from denying its corporate capacity. This was a solemn admission made by the party, and acted upon by the court in rendering final judgment. And that admission covered the very point of the existence of the corporation; whilst, in the case under consideration, the admission falls short in this respect. 14 An. 308.

The question then occurs whether the Bone Black Company was duly incorporated under the laws of the State. And, in this connection, it is proper to state that there is no charge preferred that the company has forfeited its charter.

The defendants' charter is assailed on the ground that they did not comply with the law on the subject of the formation of corporations,—such, for instance, as regards the fiat of the District Attorney or District Judge,—the use of a common seal,—and the filing of the act or charter in the office of the Secretary of State. To this the defendants answer, that these forms are not essential, and that the corporators are protected under the 8th section of the statute of 1852, which provides as follows, to wit : " Nor shall any mere informality in organization have the effect of rendering a charter null, or of exposing a stockholder to any liability beyond the amount of his stock, provided the provisions of this Act have been substantially complied with." Sess. Acts, p. 131.

This clause distinguishes between mere informalities and a substantial compliance. The first section makes it " lawful for any number of persons, not less than six, on compliance with the provisions of this Act, to form themselves into and constitute a corporation for the following purposes," &c. It is evident that the total failure to comply with the requisition to obtain the authorization or certificate of the District Attorney or Judge, and to have the act of incorporation duly recorded, is not a mere informality ; and that the parties cannot be said to have substantially complied with the requirements of the law. The text says that it is upon the compliance with the provisions of the statute, that the parties shall form themselves into, and constitute a corporation. A non-compliance, therefore, must be fatal to the act of incorporation : indeed, this nullity results from the terms of the 8th section of the Act of 1852.

Judgment affirmed.