————o————

FRED. W. HENSHAW   Appellant, *vs.* EDWARD DUTTON, Respondent.

1. *Note—Fraud as defense to.*—Where a note is procured by fraud, that fact may be set up in defense.

2. *Note given on contingencies—Failure of.*—Where a note is given on contingencies not therein expressed, the failure of such contingencies cannot be set up as a defense.

3. *Note given to payee as escrow.*—A note cannot be given to the payee as an escrow. The delivery must be to a third person.

4. *Note—Parol evidence as to.*—Parol evidence is not admissible to vary the meaning of a note.

*Appeal from Buchanan Circuit Court.*

*Ensworth, Hill & Carter*, for Appellant.

*B. R. Vineyard, with A. H. Vories*, for Respondent.

NAPTON, Judge, delivered the opinion of the court.

This suit was upon a note for $1,200. The answer admitted the execution of the note, but set up as a defense that there was no consideration for it; and proceeded to state the following facts to show this want of consideration, to-wit: that plaintiff and defendant were partners in certain manufacturing machinery and as such partners were indebted to Beattie & Co., on a note for about $3,000; and that the note sued on was given on condition that if Beattie & Co. would release the plaintiff from the payment of said note, he, plaintiff, would sell and deliver to defendant all his plaintiff's interest in said partnership property—to which defendant consented; that under such understanding and agreement said

note was executed, but was to be delivered to plaintiff upon said Beattie & Co. releasing said plaintiff from said note. And the defendant charges the fact to be that said Beattie & Co. refused to release plaintiff from his liability on said note, and that said agreement "fell through" and that the note sued on, by some means unknown to defendant and without his consent, came into the hands of plaintiff.

The plea further states, that defendant never received any consideration for said note, nor was said plaintiff's interest in said partnership property turned over to defendant, as by said agreement it should have been done ; that, therefore, said note is wholly without consideration and void, and never was delivered with consent of defendant.

The plaintiff moved to strike out that part of defendant's answer which related to the note due by plaintiff and defendant to Beattie & Co.

It seems from the record that there was a mis-trial upon the issue, and on the calling of the case subsequently, the plaintiff insisted on taking up the motion to strike out parts of the answer ; but the court refused to consider the motion and ordered the cause to be tried on the pleadings. On this second trial, the plaintiff read the note and the defendant then proceeded to introduce evidence.

The substance of the evidence is, that plaintiff and defendant were equal partners in some machinery in a woolen manufactory ; that they owed Beattie & Co. about $3,000 ; that a proposal was made for one or the other to sell out his interest, and that defendant offered $1,200 for plaintiff's interest. The defendant signed a note and a deed of trust to secure it. This was for $1,200, the assumed value of plaintiff's interest in the mill. The defendant was to pay all debts of the concern, and among others he was to get Beattie & Co. to release plaintiff on the note for $3,000 due by the firm. Beattie at first agreed to this, but ultimately declined to release Henshaw, the plaintiff.

It seems that Henshaw had a policy on his interest in this property. After the note and deed of trust were signed and

delivered to the plaintiff, it was proposed to go over to the Insurance Company's office and have this policy assigned to defendant. This was done, and the assignment was entered on the books of the Insurance Company, and the policy delivered to defendant. After Beattie & Co. declined to discharge plaintiff, defendant asked plaintiff to give up the note; but this was not done.

Defendant was in possession of the property at the time of this arrangement, and the plaintiff never meddled with it afterwards. He never had any control over it or came round where it was. The property was in defendant's house. The defendant agreed to pay all the debts, and the defendant agreed to keep up the policy of insurance. This is the substance of the evidence of defendant himself, except that he states that the agreement was to be relinquished on the release of Beattie & Co. to Henshaw. The defendant stated that this release was a condition of the note.

There is no evidence of any fraud in procuring the possession of the note or mortgage; and the testimony of the persons present at the transaction shows that there was no fraud or misunderstanding in relation to this.

The instructions asked by plaintiff were all refused; but the instructions asked by defendant were given, of which the first is as follows: 1st. "If the jury believe from the evidence, that plaintiff and defendant were partners in a woolen mill and machinery, and that as such partners, they were indebted to Beattie & Co. in the sum of $2,500 or $3,000, and that the defendant agreed to purchase the interest of plaintiff in said partnership effects for $1,200, on condition that Beattie & Co. would release the plaintiff from paying his part of said debt, and that to carry out said contract, the defendant signed the note and mortgage referred to, and left the same in the hands of plaintiff to await the said release from said Beattie and the transfer of said property to defendant, but with no intention to deliver said note and mortgage to plaintiff, as the obligation of defendant until said conditions were complied with, and if they further believe from

the evidence that Beattie refused to release plaintiff from said debt, and that plaintiff never transferred his interest in said mill and machinery to defendant, and that defendant made no claim to the same under said agreement, but demanded his note and mortgage from plaintiff at said time, who refused to deliver them up to defendant, then the jury will find for defendant."

It is unnecessary to recite the other instructions, since they are substantially to the same effect. The plaintiff took a non-suit with leave to move, etc., and the motion to set aside the non-suit was overruled, and upon exceptions to this decision the case is brought here.

We do not see why the court refused to consider the motion to strike out, when the case was called on the second trial.

It is difficult to see why the refusal of Beattie & Co. to discharge plaintiff should afford any ground of defense against the note and mortgage. The defendant admitting himself to be a partner of plaintiff, on buying out the interest of plaintiff, would, of course, be responsible for all the debts of the partnership. The release of his co-partner would only add to his liability, and if the partner was consenting to this release and subsequently waived that consent, we cannot see how the defendant was injured. The whole arrangement, as stated in the plea and attempted to be proved is for the benefit of Henshaw, and he declines the proposed benefit as stated in the plea and proved on the trial. But why should Dutton, the defendant, complain of this? Beattie & Co.'s refusal to release Henshaw was an advantage to defendant—certainly no disadvantage—for the firm and its stock were responsible for this debt; and a release of one of them would not only diminish the security, but would make Dutton responsible for the whole debt.

This part of the defendant's answer is no defense and should have been stricken out. But the answer goes further and claims that the consideration has failed, and that the note was without consideration. The proof is, that the defendant

was in possession of the whole property conveyed or agreed to be conveyed; that the plaintiff owned one-half interest in it; upon which he had an insurance policy; that he transferred this policy to defendant, not only on the books of the company, but by handing over to him the policy.

If a note is procured by fraud there is no doubt such defense is available. If it is given upon contingencies not expressed in it, the failure of such contingencies cannot be set up as defense to the note. It cannot be given to the obligee as an escrow. Such delivery must be made to a third person, not the obligee. Parol evidence is not admissible to vary the meaning of a note.

These principles are so well settled as to need no authorities to support them. The instruction given by the court ignores all these principles.

Whether wrong instructions given will justify a party in taking a non-suit and moving to set it aside on this ground, is a question upon which doubts might be expressed; but as no point is made on this, we will reverse the judgment and remand the case.

Judge Vories not sitting; the other judges concur.