———O———

The Life Association of America, Appellant, *vs.* John N. Cravens and Fannie S. Cravens, Respondents.

1. *Insurance—Premium note—Parol contract set up as a defense against—Contracts partly written and partly parol, latter part may be shown by parol—Rescission—Recoupments, etc.*—Where, in suit by an insurance company on a premium note, the defense was that the notes were given in consideration of a parol agreement by plaintiff to loan defendant certain sums of money, *held*, 1st. The note and agreement constituted parts of the same contract; and only a part of it being in writing, parol testimony was admissible to prove the remainder. 2d. Notwithstanding the failure to comply with his agreement to loan, defendant would be liable on his premium note unless he offered to rescind the contract of insurance by returning the policy and demanding the note. 3d. Without such defense the amount of plaintiff's recovery on the notes would nevertheless be subject, under appropriate pleading, to be reduced to the extent of the damage suffered by defendant in consequence of plaintiff's failure to make the loan.

*Appeal from Ray Common Pleas.*

*J. W. & J. E. Black, with George W. Dunn,* for Appellant.

I. It is expressly stipulated in the notes sued on, that they are given to secure the payment of the premium on the policy; and parol evidence that they were conditioned upon a loan of money to be obtained of the plaintiff, contradicted the notes, and such evidence was inadmissible. (Singleton vs. Fore, 7 Mo., 515; Ashley vs. Bird, 1 Mo., 640; Lane vs. Price, 5 Mo., 101; Woodward vs. McGaugh, 8 Mo., 161; Jones vs. Jeffries, 17 Mo., 577; 8 Mo., 391; 24 Mo., 509; 1 Greenl. Ev., 9 ed., §§ 275, 281-2.)

*Donaldson & Farris*, for Respondents.

HOUGH, Judge, delivered the opinion of the court.

This was an action against the defendants, as makers of three promissory notes, given by them to the plaintiff, for the first annual premium on a policy of insurance, issued by the plaintiff, on the life of the defendant, John L. Cravens, for the benefit of his wife, Fannie S. Cravens, and their children.

The defendants admitted the contract of insurance, and the execution of the notes sued on, but averred that said contract was made upon the express agreement that the plaintiff would loan to the defendant John L. Cravens, upon the insurance of his life and the execution of the notes as aforesaid, the sum of twenty-five hundred dollars, for as long a time as he would continue to pay the premiums on said policy, upon his furnishing satisfactory security for such loan; that defendant complied with all the directions prescribed by the plaintiff to be followed by him in order to obtain such loan, but that plaintiff, without any sufficient excuse, refused to loan to said defendant the sum aforesaid as agreed; that upon such refusal by plaintiff to make said loan he tendered to the plaintiff the policy received by him, and demanded the surrender of his notes, but plaintiff refused to return the same.

The plaintiff denied that the agreement to loan the defendant, John L. Cravens, the sum of twenty-five hundred dollars

had any connection with the contract of insurance; but averred that it was subsequent to, and independent of, it, and that its refusal to make said loan resulted solely from the failure of the defendant to comply with the regulations of the company, required to be observed by him in order to obtain said loan, and denied that there was ever any offer to return the policy, or any demand for the notes.

Parol evidence was admitted by the court to show that the contract of insurance was entered into upon condition that the contract of loan should also be entered into. To the admission of which the plaintiff objected, for the reason that the notes sued upon expressed upon their face that the consideration for which they were given was the issuance of the policy of insurance aforesaid, and that such testimony was inadmissible to alter or vary the terms of a written contract.

We do not think the objection of the plaintiff was well taken. According to the defendant's theory, the contract of insurance and the contract of loan were mutual and dependent contracts, each having a consideration of its own, but were parts only of one entire contract, which when taken together constituted the real contract of the parties. A part only of this entire contract was reduced to writing, viz: the contract of insurance; and in such case the rule seems to be well established, that parol testimony is admissible to supply that portion of the contract resting in parol. (1 Greenl. Ev., 284a; Beck vs. Beck, 43 Mo., 266.)

Testimony was introduced by the plaintiff and defendants to sustain the positions respectively assumed by them in the pleadings.

There was a verdict and judgment for the defendants, from which the plaintiff has appealed to this court.

Admitting the defendants' statement of the contract entered into, to be the correct one, still the plaintiff must recover, unless the jury should find, that on the failure of the plaintiff to accommodate him with the loan it engaged to make, he offered to rescind the contract of insurance, by returning the policy and demanding his notes. This question

was not submitted to the jury by the instructions given, and this was the only complete defense which, so far as this record shows, could have been made to the action on the notes.

Without such defense, however, the amount of the plaintiff's recovery on the notes would be subject, under appropriate pleading, to be reduced to the extent of the damages suffered by the defendant in consequence of plaintiff's failure to make the loan.

If A. agrees with B. that he will purchase B.'s horse, and give him his note therefor, for the sum of $100, upon condition that B. will loan A. $100 upon his furnishing certain security, and A. receives B.'s horse, giving his note therefor, and B. thereupon refuses to loan A. the $100 on the security agreed upon, A., in order to avoid all liability upon his note, must return the horse to B. and demand his note. But if A. retains the horse, he cannot, when sued upon his note, set up B.'s failure to make the loan, in bar of the action on the note, although he may set up and recover by way of counterclaim in such action any damages suffered by him, in consequence of B.'s refusal to make the loan.

We do not understand why Mrs. Cravens was made a party defendant, as no judgment could be rendered against her in this action.

The case having been submitted to the jury under instructions which were not in harmony with the views here expressed, the judgment will be reversed and the cause remanded; the other judges concur.