JONES v. SHAW et al., Appellants.

1. Promissory Note: PAROL EVIDENCE OF CONTEMPORANEOUS AGREEMENT: PARTNERSHIP. Parol evidence is not admissible for the purpose of showing that a promissory note, absolute by its terms, was only intended as evidence of the amount of money which had been advanced by plaintiff to aid in carrying on a partnership business, and which, it was agreed, was to be returned to plaintiff only in the event that the business should turn out prosperously. See *Rodney v. Wilson, ante* p. 123.

2. Escrow. A note cannot be treated as an escrow after it has been delivered to the payee. In order to have that effect, the delivery must be to a third person.

3. Promissory Note: SET-OFF: PARTNERSHIP: EQUITABLE RELIEF. An answer to a suit upon a promissory note, against the maker and indorser, averred that the note grew out of certain partnership transactions between plaintiff and one of the defendants, which

67   667
36a 512

67   667
42a 421

67   667
121   96

67   667
61a 493

67   667
142  299
142  305
143  459
73a 396

67   667
83a 508

67   667
89a 226

67   667
97a ¹309
97a ¹313

had proved unsuccessful that it was indorsed by the other defend-ant with the understanding that it was to be paid only in the event the partnership turned out prosperously; that the accounts of the concern were still unsettled, and the maker of the note had paid more than his share of the losses. There was a prayer that the excess of his payments might be allowed as a set-off against the note, and for judgment for the balance. It was not averred that plaintiff was insolvent, and no other ground for equitable relief was stated; neither was an account of the partnership affairs stated or prayed for. *Held*, that the answer did not state a good defense for either defendant.

*Appeal from Buchanan Circuit Court*—HON. JOSEPH P. GRUBB, Judge.

*Bennett Pike* for appellants.

*H. M. Ramey* for respondent.

HOUGH, J.—This was a suit on a promissory note for $400, dated November 20th, 1874, due one day after date. Defendants averred in their answer that plaintiff and the defendant Shaw entered into copartnership about the 20th day of October, 1874, for the purpose of buying and sell-ing hogs during the packing season of 1874; that about said 20th day of October the plaintiff, for the purpose of starting said business, advanced to the defendant Shaw the sum of $400, which said defendant paid out, together with large sums of his own, in the purchase of hogs, which were shipped to and sold by the plaintiff; that it was agreed and understood between defendant Shaw and the plaintiff that said sum of $400 should be left with the defendant as a permanent fund for said partnership until said partnership business was settled. The answer further averred that on or about the 20th day of November, 1874, and after a shipment of hogs had been made by defendant Shaw to St. Joseph, Missouri, in behalf of plaintiff and defendant, and on which there had been a loss of about $200, the plaintiff went up to Craig, Missouri, where the defendant Shaw was living, and requested defendant Shaw

to execute a note to him for said $400 as a memorandum of the amount that he, plaintiff, had advanced to the defendant as aforesaid, and that said note was so executed at that time, not as an evidence of absolute indebtedness of defendant Shaw to said plaintiff, but as evidence of a contingent indebtedness in the event that the said copartnership should turn out prosperously; that said copartnership continued during the said packing season; that the same was not prosperous, but that the losses accruing and growing out of same amounted to about $1,400, of which amount plaintiff was responsible and liable for one-half; that defendant Shaw has been held liable for and has paid the said amount of $1,400; that there has never been any settlement of said partnership matter between plaintiff and defendant Shaw, nor any accounting had, but that the said partnership is still unsettled; that on or about the 10th day of January, 1875, plaintiff requested defendant to procure the signature of defendant Cranchler to said note, already signed by defendant, as a security thereon, and only desired the note secured so that if there should be anything coming to him, plaintiff, on a final settlement between him and defendant Shaw, the amount due on said note should be secure, and that he would hold the note simply and solely as a security for the amount in the event aforesaid.   Defendants further averred that Shaw had paid $700 more than his share of the losses of the firm; that plaintiff was not entitled to recover on said note until the settlement of the copartnership, and asked to set off said sum of $700 against the note, and prayed judgment for the balance.   This defense was, on motion of the defendant, stricken out by the court.   Judgment was rendered for the plaintiff for the amount of the note and interest, and defendants have appealed.

We perceive no error in the action of the circuit court.   The note sued on was an absolute and unconditional promise to pay the sum of money therein specified, and the defendants could not be heard to allege that, by a

prior or contemporaneous oral agreement, the note was, in a certain contingency, not to be paid. To permit the defendants to show a contemporaneous parol agreement, that the note was only to be paid in the event the affairs of the copartnership should prove to be prosperous, would be to violate the well-established rule that oral testimony is inadmissible to vary or contradict the terms of a written instrument. *Smith's Admr. v. Thomas*, 29 Mo. 307; *Bunce v. Beck*, 43 Mo. 266. It is conceded that when a part only of an entire contract is reduced to writing, the remainder may be proven by parol. *Life Association of America v. Cravens*, 60 Mo. 388. But in all such cases the parol contract must be consistent with, and not contradictory of, the written one. *Bunce v. Beck, supra.* Here the defendants seek to contradict the writing, and to convert an absolute promise into a conditional one.

Nor can the note in suit be treated as an escrow. In order to give it such effect, delivery must be made to a third person, and not to the payee. *Massmann v. Holscher et al.*, 49 Mo. 87; *Henshaw v. Dutton*, 59 Mo. 139.

An alleged indebtedness of a partner to his copartner, upon a settlement of the copartnership affairs, cannot be pleaded as a set-off or counter-claim. This was expressly decided in *Leabo v. Renshaw*, 61 Mo. 292. One partner cannot be said to be indebted to his copartner on partnership account until there has been a settlement of the copartnership affairs. *Finney v. Turner*, 10 Mo. 207. If, on account of the insolvency of the plaintiff, or other cause, the court would have been warranted in depriving the plaintiff of his right to a judgment on the note in suit until the copartnership affairs of the plaintiff and the defendant Shaw were settled and determined, or if the right of the defendant Shaw to maintain a suit for the settlement of the copartnership could be deemed to be within the definition of a counter-claim, still the defendants cannot complain of the action of the court below. Neither the insolvency of plaintiff, nor other ground for equitable relief,

was alleged, and the defendant Shaw neither stated nor prayed an account of the partnership affairs. *Pope v. Salsman*, 35 Mo. 362. Besides, the answer of the defendants was a joint one, and the defendant Cranchler certainly had no interest in the copartnership of the plaintiff and the defendant Shaw. The other judges concurring, the judgment will be affirmed.

AFFIRMED.