THOMAS GARDNER, Respondent, *v.* LEONARD MATTHEWS ET AL., Appellants.

December 6, 1881.

An agreement that a note is not to be paid at maturity, but is to be returned to the accommodation indorser upon the tender, by the maker, of another note secured upon real estate, is a defeasance, and can only be proved by a writing.

APPEAL from the Circuit Court of St. Louis County, EDWARDS, J.

*Reversed and dismissed.*

JOHN G. CHANDLER, for the appellants.

W. H. CLOPTON, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

The petition alleges that defendants were partners in the business of lending money ; that prior to August 28, 1874, one Bartlett applied to defendants for a loan on certain lands in and near Poplar Bluff, Missouri ; that defendants then represented to plaintiff that they were satisfied that the property was security for the loan ; that Bartlett wanted some money at once ; that defendants could not then go to Poplar Bluff to supervise the satisfaction of some liens against the property ; that defendants then agreed with plaintiff, for a valuable consideration, that, if plaintiff would indorse a note for $5,000, to be executed by Bartlett and secured by a deed of trust on the property afore-

said, and to be made payable at six months, defendants would let Bartlett have the money and would return the note, indorsed by plaintiff, to him, and would substitute therefor the note of Bartlett, to be secured on said property ; that defendants caused to be prepared and executed the note for $5,000, due in six months from August 28, 1874, together with a deed of trust securing the same covering said property ; that plaintiff, relying on said promises and agreement of defendants, indorsed and delivered the note to defendants on the express agreement that it was to be returned to him at maturity, as aforesaid ; that defendants accepted the note and deed of trust ; and, after deducting from $5,000, $500 as discount and commissions, paid the remainder of the loan to Bartlett ; that at the end of six months, Bartlett offered to defendants to execute a new note and deed of trust on the property to secure the $5,000 note, and plaintiff then and there demanded of defendants a cancellation of his indorsement, and a return to him of the indorsed note ; but defendants refused to take a deed of trust from Bartlett on the property to secure the note, and refused to deliver the note to plaintiff or to cancel his indorsement ; that, at the maturity of the note, plaintiff, having received due notice of demand and non-payment by the maker, paid the note on March 3, 1875. Damages in the sum of $7,000 are asked for defendants' breach of contract.

Defendants demurred, on the ground that the petition did not set forth facts constituting a cause of action. The demurrer was overruled. Defendants then filed an answer, in which they deny any such agreement as that alleged by plaintiff, and aver that the note was indorsed by plaintiff, at the request of, and for the accommodation of, Bartlett, and that defendants discounted the note on the faith of plaintiff's indorsement only. Defendants deny that they ever agreed in writing, as alleged ; and say that the only agreement of the parties was contained in the note and

indorsement. Defendants deny any written agreement by Bartlett to deliver to them any deed of trust and any agreement to accept such deed in place of the note; and deny that Bartlett offered any such deed at the maturity of the note, and say that, by reason of encumbrances on the property, Bartlett could not then make a deed good to secure $5,000; they deny that plaintiff demanded a return of the note or cancellation of his indorsement.

In his reply, plaintiff says that the discount and charges of defendants were exorbitant; that no consideration moved from Bartlett to him for the indorsement. He denies that the note was discounted on the sole faith of plaintiff's indorsement, and denies all allegations about encumbrances.

The following instructions were given, the first at plaintiff's instance, and the second *proprio motu* of the court; and the court directed the jury that the instructions are to be considered as a whole: —

" 1. The court instructs the jury that the pleadings admit that defendants were partners at the dates mentioned in the petition, and that they, as partners, discounted said note described in said petition. And the court instructs the jury that if they believe from the evidence that prior to the twenty-eighth day of August, 1874, one George T. Bartlett applied to defendants for a loan on the real estate described in the petition, and that one of said defendants, in the usual course of business of the partnership, represented to plaintiff, on or before said twenty-eighth day of August, 1874, that they were satisfied said property was sufficient to secure said loan of $5,000; that said Bartlett was anxious to have a part of said money at once; that there were certain liens on said property, and that defendants could not then go to the county in which said land is, to supervise the extinguishment of said liens; that defendants then and there agreed with plaintiff, that if plaintiff would indorse a note for $5,000, to be executed by said Bartlett, and made

payable within six months from said date, they would let
said Bartlett have said money, and that on the expiration
of said six months they would substitute therefor the note
of said Bartlett, secured by said property, and return to
plaintiff the note to be indorsed by him ; and that plain-
tiff relying on said agreement with defendants, did indorse
said note and deliver the same to the defendants, and de-
fendants received the same, and after deducting the sum of
$500 therefrom as a discount and commissions, paid the
remainder to said Bartlett, and at the expiration of said six
months said Bartlett was ready and willing, and offered to
make, execute, and deliver a new note in lieu of said note
indorsed by plaintiff, and to execute and deliver a deed of
trust on the property described in the petition, to secure
the same, and defendants refused to accept such new note
and deed of trust, and that plaintiff then and there
demanded of defendants that they should return his
note, and defendants refused to return said note or hold
plaintiff harmless, and that said note of $5,000, indorsed
by plaintiff, at the maturity thereof was protested for non-
payment, and plaintiff was, in due time, notified of said
protest, and was thereafter required to pay, and did pay,
said note on the third day of March, 1875, they will find
for the plaintiff, and assess his damages at such sum as they
may believe from the evidence plaintiff has sustained by
reason of the failure of defendants to return said note or
hold plaintiff harmless, not to exceed the sum of $7,000.''

" 2. To maintain this action it must be proven to the
satisfaction of the jury, that the defendants promised and
undertook to release the plaintiff as indorser by extension
of time, and securing the extension-note by deed of trust
on Bartlett's property ; and if the testimony shows that the
extension-note was to be secured on unencumbered property
without reference to value, and also shows that Bartlett's
property was encumbered at the time at which, according to
the contract, the extension-note was to be executed and

secured, then the defendants' failure to release by such exten-
sion and security is no such violation of the alleged obliga-
tion as will authorize a recovery ; nor can there be a finding
for the plaintiff, if the evidence has shown that the under-
standing and agreement as to extension of time and deed of
trust on Bartlett's property was for the purpose of protect-
ing the plaintiff against his contingent liability as indorser,
or for the purpose of increasing the security as to the pay-
ment of the note."

Defendants asked the following instructions, which were
refused : —

" 1. The court instructs the jury that there is no compe-
tent evidence before the jury to prove the agreement in the
petition alleged as the foundation of this action, and they
must·find a verdict for the defendants.

" 2. It appearing from the plaintiff's petition and his
own evidence, that he paid to the defendants the amount of
the $5,000 six months note, with full knowledge, on his
part, of all the facts which he now claims to have existed,
and no fraud or mistake being alleged or proved, the jury
are instructed that such payment was, in law, a voluntary
payment, and that the money so paid, and no part thereof,
can be recovered by plaintiff."

On the trial defendants objected to the introduction of any
testimony, on the ground that the petition set out no cause
of action.    There was a verdict and judgment for plaintiff.

If plaintiff had been sued by the holder of this note he
could not have set up by way of defence to the action
a parol agreement contemporary with the indorsement, to
vary its effect.    The contract which the law implies in this
case, is as if it were written out.    Plaintiff, by the writing,
promised to pay if the note was duly presented to the
maker and due notice given of the maker's default.    He
could not have shown by parol, as a defence, to the action
on the note, that it was to be returned to him at maturity
if Bartlett then executed a new note secured upon certain

real estate, and that Bartlett tendered such a note and deed. But, if such a defence to the note would have been incompetent, it is clear that, now that plaintiff has voluntarily paid the note at maturity, he cannot recover back on the ground of any alleged oral contemporaneous agreement, different from that expressed in, or which the law implies from, the writing.

The evidence as to any such oral agreement was conflicting. But that is immaterial, because no evidence went to any written variation, or to any discharge of the contract; and the oral testimony, so far as it made for plaintiff, was plainly in conflict with what the parties did. The demurrer to the petition should have been sustained; and, as the oral evidence, so far as it went to support the allegations of the petition, went directly to contradict the written instrument, it should have been rejected.

The rule that oral evidence cannot be admitted to vary a written contract, or to annex to any written contract a condition or defeasance not appearing on the contract itself, is founded on experience of the impolicy of allowing weaker evidence to control that which is stronger, and permitting parties to a contract to show, that while they wrote one thing, yet, according to present memory of the past transaction, they must have meant quite another thing.

There is no allegation, and no evidence, of want of consideration or failure of consideration; but the attempt is to show that the note was to be void upon the happening of a future event, the happening of which was defeated by the refusal of defendants to accept a certain new note and deed, or which, if tender is to be taken for performance, did actually happen. Such a stipulation is a defeasance, and a condition which, if not made part of the written instrument, can only be proved by writing. No rule of law permits oral evidence to prove a special purpose for giving the note directly at variance with its terms. Where an assignee of the estate of an insolvent debtor gave his own note to a

creditor for his dividend, he was not allowed to show by parol that the agreement at the time was that he was not to pay the note unless he had funds of the estate. *Adams* v. *Wilson*, 12 Metc. 138. It cannot be shown, against the writing, that a note was not to be paid unless a verdict was obtained (*Foster* v. *Jolly*, 1 Cromp. M. & R. 703); nor that the note was to be void if certain bills should be paid at maturity (*Penny* v. *Graves*, 12 Ill. 287); nor that the note was to be surrendered in the event the case for which it was given for a fee was compromised. *Dale* v. *Pope*, 4 Litt. 166.

There is no evidence and no allegation, that the note was merely deposited with defendants as collateral for some other obligation. The allegations are (and the proof goes no further) that, by the terms of an oral contemporaneous contract, the written engagement was to be defeasible on the execution of a certain note and mortgage by Bartlett, securing the $5,000 borrowed upon certain real estate.

The action of the trial court in giving and refusing instructions, is not in accordance with what we regard as the law of the case. If the views which we have expressed are correct, it is manifest that plaintiff has no cause of action. We think that the judgment should be reversed, and as it would serve no purpose to remand the cause, we shall direct that it be dismissed.

Judgment reversed and cause dismissed. Judge LEWIS is absent; Judge THOMPSON concurs.