GARDNER, *Appellant,* v. MATHEWS *et al.*

81   627
108   414
81   627
73a 396
81   627
97a   309

1.  **Negotiable Note**: CONTEMPORANEOUS ORAL CONTRACT. An accommodation indorser of a negotiable note who, after demand, protest and notice pays it to the holder, cannot recover back the sum so paid by way of damages upon an oral contract, contemporaneous with the indorsement, that if on the maturity of the note the maker would execute a new one secured by a deed of trust on certain land, the note indorsed was not to be paid, but should be surrendered for cancellation.

2.  **Contract, Part Parol**: EVIDENCE. When part only of an entire contract is reduced to writing, the remainder may be proved by parol, yet the latter must be consistent with and not contradictory of the written part.

Appeal from St. Louis Court of Appeals.

AFFIRMED.

W. H. Clopton for appellant.

Plaintiff sues on the promise of defendants, made at the time he indorsed the note, that they would hold him harmless. The promise or agreement of defendants furnished no defense to the plaintiff when he was required, as indorser of the note, to pay it; but it constituted a good cause of action in a separate suit against defendants. *Atwood v. Lewis*, 6 Mo. 392; *Burcher v. Payne*, 7 Mo. 462; *Bond v. Worley*, 26 Mo. 253; *Blackburn v. Harrison*, 39 Mo. 303; *Barry v. Sansum*, 12 N. Y. 468; *Glover v. McGilvray*, 63 Ala. 508; *Hale v. Stewart*, 76 Mo. 20; *Graves v. Johnson*, 48 Conn. 160; *Harrison v. Sawtel*, 10 John. 242; *Bloke v. Cale*, 22 Pick. 97; *Griffith v. Reed*, 21 Wend. 502, 505. Parol proof was admissible. The contract sued on had a consideration of its own; although it was dependent upon and was a part of the contract of indorsement. A part only of the entire contract was reduced to writing, and parol testimony is admissible to supply that portion of the contract resting in parol. *Life Asso'n v. Cravens*, 60 Mo. 388; 1 Greenleaf Ev., 284a, 281; *Beck v. Beck*, 43 Mo. 266; *Rollins v. Claybrook*, 22 Mo. 405; *Brewster v. Countryman*, 12 Wend. 446; *Richardson v. Hooper*, 13 Pick. 446; *Lopham v. Whipple*, 8 Met. 59; *Badger v. Jones*, 12 Pick. 371. The rule that written instruments cannot be controlled by parol evidence, applies only in suits between the parties to the instrument. 1 Greenleaf Ev., § 279; 1 Wharton Ev., 303, 314; *Reynolds v. Magness*, 2 Iredell 26; *Edgerly v. Emerson*, 3 Fost. 555; *Barry v. Sansum*, 12 N. Y. 468. The defendants were neither makers, payees nor indorsees of the note from Bartlett to Gardner indorsed by Gardner. *Lowell M. Co. v. Safeguard Co.*, 88 N. Y. 591.

*John G. Chandler* for respondent.

The amended petition does not state a cause of action. 1 Chitty Plead., p. 293; *Conway v. Reed*, 66 Mo. 346; *Garner v. McCullough*, 48 Mo. 318; *Syme v. Steamboat*, 28 Mo. 335. Parol proof was incompetent to prove the agreement set up in the amended petition. Negotiable notes are written instruments, and as such they cannot be contradicted, nor can their terms be varied by parol evidence; and that proposition is universally true where the promissory note is in the hands of an innocent holder. *Brown v. Spofford*, 95 U. S. 474, 480; *Brown v. Wiley*, 20 How. 442; *Shankland v. Washington*, 5 Pet. 394; 1 Greenleaf Ev., (12 Ed.) 318; *Stackpole v. Arnold*, 11 Mass. 27; *Hunt v. Adams*, 7 Mass. 518; *Myrick v. Dame*, 9 Cush. (Mass.) 248; *Thompson v. Ketchum*, 8 Johns. 192; *Bank v. Dunn*, 6 Pet. 51; *Specht v. Howard*, 16 Wall. 564; *Forsyth v. Kimball*, 91 U. S. 291; Chitty Cont., (10 Ed.) 99; *Abrey v. Crux*, Law Rep. 5 C. P. 41; *Allan v. Furbish*, 4 Gray 514; 2 Parsons Notes and B., 501; *Rodney v. Wilson*, 67 Mo. 123. In the absence of fraud, accident or mistake, the rule in equity is the same as at law. *Brown v. Spofford*, 95 U. S. 474, 481; *Forsyth v. Kimball*, 91 U. S. 291; 2 Story Eq., § 1531; *Rodney v. Wilson*, 67 Mo. 123; *Foster v. Jolly*, 1 Cr. M. & R. 703. Parol evidence is inadmissible to prove a stipulation or condition which is not mentioned in the written instrument. *Beard v. White*, 11 Allen 436; *Warren Academy v. Stern*, 15 Me. 443; *Bank v. Dunn*, 6 Pet. 51; *Fairfield Co. v. Thorp*, 13 Conn. 173; *Isaacs v. Elkins*, 11 Vt. 679; *Rawson v. Walker*, 1 Stark. 361; 2 E. C. L. 427; *Lane v. Price*, 5 Mo. 101; *Richards v. Thomas*, 1 Cr. M. & R. 772; *Spring v. Lovett*, 11 Pick. 417; *Burger v. Deshiman*, 11 Blackf. 272. Parol evidence of agreement to renew a note at maturity is not admissible. Edwards on B. and N., 147, 148, 313, 315. Indorsement cannot be varied by parol. 1 Greenleaf Ev., 277; 2 Parsons N. and B., 23, *et seq.*

NORTON, J.—This cause is before us on appeal from the judgment of the St. Louis court of appeals, reversing the judgment of the circuit court of the city of St. Louis, and the appeal involves the question whether an accommodation indorser of a negotiable note, who after demand, protest and notice pays the note to the holder, can maintain an action to recover back by way of damages the amount so paid, basing his right to recover upon an alleged oral contract made at the time of the indorsement, that if, on the maturity of the note, the maker would give a new note secured by deed of trust on certain real estate, the note so endorsed was not to be paid by the indorser, but was to be surrendered to him for cancellation.   The court of appeals, we think, properly answered the question in the negative, and its ruling in that respect is sustained by the authorities cited in the opinion reported in 11 Mo. App. 269. By indorsing the note the indorser contracted to pay the note at maturity, if the maker did not, conditioned only upon the fact that a demand be first made upon the maker, and notice given to the indorser of its dishonor, and we think it clear, that in a suit by the holder against the indorser, after such demand, protest and notice, that he would not be permitted to introduce parol evidence to vary his contract, surely not to the extent of establishing an oral agreement made contemporaneous with, or anterior to the indorsement that he, in fact, was not to pay according to the contract which the law, from the indorsement alone, implies.   *Rodney v. Wilson*, 67 Mo. 123; *Jones v. Shaw*, 67 Mo. 667, 670.

Indeed the principle above stated, seems to be conceded by the learned counsel for plaintiff, but he contends that, notwithstanding it, plaintiff can maintain his action for damages on such contemporaneous oral agreement, and recover back as damages what he had voluntarily paid, and cites in support of his position, that in such action evidence of such oral agreement should be received, a class of cases of which the case of the *Life Association of America*

*v. Cravens,* 60 Mo. 388, is a type, holding that when a part only of an entire contract is reduced to writing that parol testimony is receivable to supply that portion resting in parol. While that case announces this principle, in the case of *Jones v. Shaw,* 67 Mo. 667, 670, it is said after referring to the case of *Life Association of America v. Cravens, supra,* "that it is conceded when part only of an entire contract is reduced to writing the remainder may be proven by parol. But in all such cases, the parol contract must be consistent with, and not contradictory of the written one."

Judgment affirmed, in which all concur.