63  477
73  396|
63  447|
99  ⁴480|
99  ⁴481|

DAVIS & RANKIN, Respondents, v. MAYSVILLE CREAMERY ASSOCIATION *et al.*, Appellants.

Kansas City Court of Appeals, November 18, 1895.

1. **Evidence**: ALLEGATA ET PROBATA: JOINT AND SEVERAL CONTRACT. Where the petition declares on a joint contract of the defendants it is incompetent to admit a contract which is only several.

2. **Mechanics' Liens**: CORPORATION FOR PROMOTERS: AGENCY. The promoters of a corporation are not the agents and can not bind the corporation nor charge property to be acquired by it with a mechanics' lien.

3. ———: CORPORATION: PROMOTER: AGENCY: EVIDENCE. Mechanics' lien has its inception in a contract relation, and where the only contract is between the lienor and the promoters of a corporation, the lien paper is not admissible in evidence against the corporation.

*Appeal from the Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

REVERSED.

*S. G. Loring* for appellant.

(1)   The court erred in permitting the plaintiffs to introduce in evidence the contract for the building of the butter and cheese factory in proof.   In their petition the plaintiffs allege that they agreed with all the defendants, except the Maysville Creamery Association, to erect for them a combined butter and cheese factory, etc.   In the contract read in evidence the defendants agreed ''to pay the amount opposite our respective names,'' and even if. the contract had not contained the above words, it was a several contract, and had no tendency to support the allegations of the petition. *Rankin & Davis v. Hendrix et al.*, 59 Mo. App. 448; *State v. Roberts*, 62 Mo. 388; Greenleaf on Ev., sec. 51. (2)   The court erred in admitting in evidence the paper and account against the defendant's objection. Sec. 6709, R. S., p. 1574.   The account contemplated by said section in the case of an original contractor must necessarily be against the owner.   There was no evidence that these defendants are, or any of them were ever, partners, or doing business under the name and style of the ''Maysville Butter and Cheese Co.''   Yet the account is as follows:   ''Maysville Butter and Cheese Co., Maysville, Mo., to Davis & Rankin, Dr.''   Said account was irrelevant evidence and should have been rejected.

SMITH, P. J.—Action on mechanics' lien.   The contract under which it is alleged in the petition the work and labor were performed, and materials furnish-

ed, is essentially the same as that set forth *in extenso* in *Davis & Rankin v. Hendrix*, 59 Mo. App. 444. By a reference to the provisions of the contract there to be found, a full understanding may be had of the questions which we shall presently consider. The very imperfect and unsatisfactory abstract of the record presented to us by the defendant, the Maysville Creamery Association, a corporation, does not disclose whether the other defendants made answer to the plaintiff's petition, nor in what way all of them except the seven against whom a judgment was given, dropped out of the case. We are informed by the petition that after the plaintiffs had performed their said contract, the defendant, the creamery association, a corporation, was organized, and became the owner of the said butter and cheese factory. It further appears from the abstract that all of the defendants who were parties to said contract, except the seven against whom the judgment was given, were stockholders in said corporation. It further appears that the title to the land on which the butter and cheese factory was erected was never in any of the parties to the contract, but was in another, by whom it was conveyed to the creamery association.

It further appears that the seven defendants in the judgment entered into the contract, but at no time paid any part of their subscription to the butter and cheese factory, nor did they, or any of them, become stockholders in the incorporated creamery association, nor have they, or any of them, any title to or interest in said lot, on which said butter and cheese factory was erected by plaintiffs. It further appears that all of the defendants who were parties to the contract, except the seven just referred to, paid up their respective subscriptions, so that nothing was claimed as against any of them or their interest in said butter and cheese factory, or the land on which the same is situate.

There was a trial, resulting in judgment for plaintiffs. Defendant, the creamery association, appeals.

The defendant insists, as a ground for reversing the judgment, that the trial court erred in admitting in evidence, the contract, over its objection. The petition alleges that the contract entered into between plaintiffs and defendants was a joint contract; while that offered in evidence was not joint, but several. *Davis & Rankin v. Hendrix*, 59 Mo. App. *supra; Davis & Rankin v. Barber*, 51 Fed. Rep. 148; *Davis & Rankin v. Belford*, 70 Mich. 120; *Frost v. Williams*, 50 N. W. Rep. 964. The rule of practice which requires the *allegata* and *probata* to correspond, is an undeviating one. An allegation of a joint contract is not sustained by evidence of one not joint but several. Authority need not be cited in support of this statement of this old and familiar rule. It is manifest that the contract offered in evidence did not tend to prove the existence of that alleged in the petition, and, therefore, the action of the court in admitting the same was erroneous.

The defendant next objects that the court erred in its action admitting in evidence the lien paper offered by the plaintiffs. It will be remembered that the contract for the work and labor performed and materials furnished, was entered into with all the defendants, except the creamery association, the corporation, which did not come into existence until after the performance of the contract. Now, the statute provides that certain designated persons may have a lien for work or labor done, or materials furnished, for any building or improvement upon land, under and by virtue of a "contract with the owner or proprietor thereof, or his agent, trustee, contractor, or subcontractor," by complying with its requirements. R. S., sec. 6705. But none of the defendants who made the contract with

plaintiff were the agents of the corporation, the creamery association, then in contemplation, but not yet organized. They were no more than mere promoters of the corporation. It was yet an uncreated artificial entity and no one was authorized to act for it. There must be a principal before there can be an agent. Here there was no principal and of course there was no agent. It would be strange indeed if the promoters of a corporation could by their contracts bind a corporation yet to be organized, or charge property acquired by it with a lien like that which plaintiffs claim.

The great weight of authority is to the effect that corporations are not liable on contracts made in their behalf by their promoters, before the incorporation takes place. Cook's Stockholders & Corp. Law, sec. 707, and authorities there cited.

It necessarily results from these considerations that the defendants entering into the said contract with the plaintiffs were without authority to bind the creamery association subsequently incorporated. And the same is true, whether it is sought to enforce the lien against land, or against buildings, or other improvements, upon any lot of land situate in a city, town, or village. It appears the defendant creamery association acquired the title to the lot, against which it is sought to enforce the lien, by deed, not from the promoters, but from a stranger. The only theory upon which plaintiffs could possibly claim a lien as against the creamery association, is that of agency; but, as we have seen, the contracting parties were not agents for it in making the contract. The lien must have its inception in a contractual relation. It could have no existence, unless the work and labor performed, or the materials furnished, were under a contract with the then owner, or other person mentioned in the statute. *McAdow v. Sturtevant*, 43 Mo. App. 220.

It is probable the plaintiffs may have been entitled to a lien against the separate interest of each one of the defendants entering into the contract in and to the building and erection, but, however that may be, we have no such lien insisted on in the present case. It is very clear to our mind that the lien paper was improperly admitted in evidence.

Plaintiffs could, no doubt, recover in a separate action on the contract against each one of the contracting parties who have made default in the payment of their subscription, but they have not thought proper to proceed in that way.

We are of the opinion the judgment should be reversed. All concur.