WEIR FURNACE COMPANY, Appellant, v. ANDREW G. BODWELL et al., Respondents.

Kansas City Court of Appeals, January 24, 1898.

1. **Partnership :** CORPORATION PROMOTERS: INDIVIDUAL LIABILITY. Where an association assumes to enter into a contract in a corporate capacity, and the party dealing with the association contracts as if it were a corporation, the individual members of such association are liable on such contract as partners, unless it is stipulated that the corporation alone shall be looked to, and the corporation on coming into existence has assumed the liability.

2. **Corporations:** PROMOTERS: CONTRACT: EVIDENCE VARYING CONTRACT. Where corporation promoters enter into a written contract for and in the name of a future corporation, they can not by parol defeat the effect of such contract by showing that the future corporation was to be bound by the contract and not they themselves.

*Appeal from the Jackson Circuit Court.*—HON. JNO. W. HENRY, Judge.

REVERSED AND REMANDED.

*Porterfield & Pence* for appellant.

(1) The defendants assumed to act as a corporation before obtaining a franchise for that purpose, and in so acting they incurred the liability of partners. *Hurt v. Salisbury*, 55 Mo. 310; *Richardson v. Pitts*, 71 Mo. 128; *Martin v. Fewell*, 79 Mo. 401; *Smith v. Warden*, 86 Mo. 399; *Queen City F. & C. Co. v. Crawford*, 127 Mo. 356; *Glenn v. Bergmann*, 20 Mo. App. 343. (2) The defendants assumed to act for a

principal who had no existence as a legal entity, and was not responsible, and are therefore personally liable. *Blakely v. Bennecke*, 59 Mo. 195; *Queen City F. & C. Co. v. Crawford*, 127 Mo. 356; *Fay v. Richmond*, 18 Mo. App. 355; *Glenn v. Bergmann*, 20 Mo. App. 343. (3) The testimony admitted by the court of a parol understanding or agreement at the time of the execution of the contract that the defendants were not to be personally bound, but that a corporation to be formed some time in the future should alone be bound by the contract, was incompetent and inadmissible. *Kelner v. Baxter*, Law Rep. 2 C. P. 174; *Rodney v. Wilson*, 67 Mo. 123; *Henshaw v. Dutton*, 59 Mo. 139; *Jones v. Shaw*, 67 Mo. 667; *Smith's Adm'r v. Thomas*, 29 Mo. 307; *Gardner v. Matthews*, 81 Mo. 627; *Blakely v. Bennecke*, 59 Mo. 195; *Lapsley v. McKinsley*, 38 Mo. 245; *Massman v. Holscher*, 49 Mo. 87; *Davis v. Creamery Ass'n*, 63 Mo. App. 477; *Garvey v. Marks*, 34 S. W. Rep. 1108; *Joy v. Manyon*, 28 Mo. App. 55, 60, 61; *Jones v. Littledale*, 6 Ad. & Ell. 486; *Nash v. Towne*, 5 Wall. 703; *Brown v. Wiley*, 20 How. 442; *Guernsey v. Morrison*, 41 Pac. Rep. 192; Browne on Parol Evidence, p. 29; *Gardner v. Matthews*, 11 Mo. App. 269.

*Moore & Vaughan* and *George H. Kelly* for respondents.

(1) It was competent to show by parol evidence the purpose for which the alleged contract sued on was made and that the same was not delivered as the contract of these defendants. *Shelton v. Durham*, 76 Mo. 434; *Shelton v. Durham*, 7 Mo. App. 585; *Whitney v. Wyman*, 101 U. S. 392; Wharton on Evidence [3 Ed.], secs. 927, 928, 1067; *Lepoc v. Bank*, 32 Md. 136; *Michels v. Olmstead*, 14 Fed. Rep. 219. (2) Where

an instrument is signed in an official capacity, parol evidence is admissible to show for whose benefit it was made. *Ins. Co. v. St. Mary's Seminary*, 52 Mo. 480; *Smith v. Alexander*, 31 Mo. 193. (3) The contract sued on was signed under an agreement between defendants and plaintiff's agent that it should bind the corporation when formed. There is no arbitrary rule of law that would create a liability on the part of these defendants, where none was intended at the time by the parties to the instrument. Morawetz on Corporations [2 Ed.], sec. 548; *Landman v. Entwistle*, 7 Exch. 632; *Higgins v. Hopkins*, 3 Exch. 163.

SMITH, P. J.—The plaintiff is an incorporated business company organized under the laws of the state of Iowa.

About November 21, 1893, the defendants contemplated associating themselves together for the purpose of forming a manufacturing corporation, under the name of the "Kansas City Bale, Tie and Press Company." No articles of corporate association had then been signed or acknowledged by them or if so the same were never recorded in the office of the recorder or filed with the secretary of state as required by the statute. The defendants, while thus contemplating the formation of said incorporated manufacturing company under the said name, entered into a written contract with the plaintiff for the acquisition of the exclusive right to manufacture and sell in certain specified territory warm air furnaces covered by letters patent issued to one R. M. Weir, in consideration of which defendants agreed to guarantee to plaintiff a certain annual royalty during the time of the contract. The contract was signed by the plaintiff and the "Kansas City Bale Tie Co. (seal) by A. G. Bodwell, President." It is in effect

conceded that Bodwell was authorized by his associ-
ates, his codefendants herein, to sign the name of said
contemplated corporation to the agreement. The evi-
dence discloses that the plaintiff, at the time of the
execution of the contract, was aware that the defend-
ants intended to form a corporation.

About twenty days after the execution of the con-
tract, the defendants formed a manufacturing corpora-
tion under the name of the "Standard Manufacturing
Company," which a few months later was, in conse-
quence of its insolvency, placed in the hands of a
receiver. Neither the defendants nor the Standard
Manufacturing Company paid the plaintiff the royalty
as required by the obligation of the "Kansas City Bale,
Tie and Press Company," and this suit was accord-
ingly brought to recover the same. The defendants
had judgment in the circuit court and the plaintiff has
appealed.

The main question presented by the record for
our decision is whether the defendants can be held
liable as partners in the contract sued on. If this
question were *res integra* in this state its
solution would be quite difficult because
of the conflict in the authorities. It is
well settled in this and many other juris-
dictions that where an association assumes to enter
into a contract in a corporate capacity and the party
dealing with the association contracts with it as if it
were a corporation, the individual members of the
association can be held liable on such contract as
partners. *Martin v. Fewell*, 79 Mo. 401; *Richardson
v. Pitts*, 71 Mo. 128; *Furniture, Etc., Co. v. Crawford*,
127 Mo. 356; *Smith v. Warden*, 86 Mo. 399; *Hill v.
Beach*, 12 N. J. Eq. 31; *Flagg v. Stowe*, 85 Ill. 164;
*Hodgeson v. Baldwin*, 68 Ill. 532; *Bigelow v. Gregory*,
73 Ill. 197; *Field v. Cooks*, 16 La. Ann. 153; *Abbott v.*

PARTNERSHIP:
corporation
promoters: indi-
vidual liability.

*Smelting Co.*, 4 Neb. 416; *Hess v. Werts*, 4 S. & R. 356; *Garnett v. Richardson*, 35 Ark. 144; *Coleman v. Coleman*, 78 Ind. 344; *Kaiser v. Bank*, 56 Iowa, 104; *Holbrook v. Ins. Co.*, 25 Minn. 229; *Ash v. Guie*, 97 Pa. St. 493. In these cases the courts proceed upon the theory that if the associates can not be treated as a corporation that they must necessarily be held liable as partners, irrespective of the agreement actually made.

Where, however, the contract *specifies* that the obligee will not look to the promoters for payment or indemnity, but will take his chances of their succeeding in organizing the proposed corporation and the corporation ratifying the contract thus made by them for it, there can be no liability. 1 Thompson's· Com. on Corp., sec. 416, and English cases there cited; Beach on Private Corp., sec. 159. And so it is declared in *Furniture, Etc., Co. v. Crawford, ante*, that "even when a corporation *de facto* becomes *de jure* and makes a contract its own which theretofore had been entered into by its promoters, the promoters are not thereby relieved from the burdens of their own contract, for the plaintiff may elect whether he will hold the corporation or the promoters unless he had agreed in the first instance to look to the corporation alone, and the corporation has assumed the liability." See *Whitwell v. Warner*, 20 Vt. 425.

There are numerous other decisions greatly at variance with those cited by us in the preceding paragraph. Among them are: *Bank v. Padgett*, 69 Ga. 159; *Bank v. Stone*, 38 Mich. 779; *Fay v. Noble*, 7 Cush. 188; *Blanchard v. Kaull*, 44 Cal. 440; *Harrod v. Hamer*, 32 Wis. 162; *Bank v. Hall*, 35 Ohio St. 158; *Bank v. Palmer*, 47 Conn. 443; *Bank v. Walker*, 66 N. Y. 424; *McClinch v. Sturgis*, 72 Me. 288. Mr. Morawetz, in section 748 of his work on private corporations, after referring to these last cited authorities with

others, states that: "If an association undertakes to enter into a contract as a corporation, it is clear that the members of the association do not agree to be parties to the contract severally or jointly. They do not agree to be bound as partners either to each other or to the party contracting with the association. It is equally clear that the party contracting with the association does not intend to contract with the members individually. To treat the individual members of the association as parties to the contract under these circumstances, would therefore involve not only the nullification of the contract which was actually contemplated by the parties but the creation of a different contract which neither of the parties intended to make."

However favorably we may be impressed with the reasoning of the authorities last referred to is of no consequence since we must follow the rule announced by the supreme court of this state in the cases from that court already referred to. It follows from the foregoing considerations that the trial court erred in refusing the plaintiff's instruction by which it was asked to tell the jury that if defendants at the time of the execution of the contract were associated together under the name of the Kansas City Bale, Tie and Press Company; that they caused said contract to be executed in that name by their codefendant Bodwell, and that at the time of executing said contract the said Kansas City Bale, Tie and Press Company was not incorporated to find for plaintiff, etc.

The defendants' first instruction given by the court which was to the effect that if the jury believed from the evidence that there was no such corporation or copartnership in actual business as the Kansas City Bale, Tie and Press Company, but that articles of association had been agreed upon by the defendants to

this suit with a view to incorporate in that name, and that there was a difficulty and doubt as to their ability to incorporate in that name, and that plaintiff's agent was fully informed as to these facts, and that the contract was executed by the parties thereto not as individuals but in anticipation of incorporating and as such corporation by Mr. Bodwell as president, it having been agreed that he was to be president of said corporation when incorporated, and that by the agreement between the plaintiff, by its agent and the defendants that if it failed to incorporate in that name it would be incorporated in another name and that the corporation by whatever name incorporated should be bound by the contract, then the plaintiff can not recover in this action and your verdict should be for the defendants. This instruction is repugnant in its enunciation to that of the plaintiff and if the latter is correct in expression, as we think is the case, then the former is incorrect and for that reason should have been refused.

Besides this, it authorized a consideration by the jury of evidence of a verbal contemporaneous agreement which modified and varied the written agreement.

CORPORATIONS: promoters: contract: evidence: varying contract.

This evidence was admitted over the objection of the plaintiff and was inadmissible for any purpose in the case. This error was accentuated by the defendant's first instruction. The theory of the instruction that the written contract could be abrogated and rendered inoperative by such contemporaneous parol agreement can not be upheld. The answer did not plead a valid subsequent parol modification of the written contract. The defendants, as we have seen, did not by their contract bind the non-existing corporation, but thus thereby bound themselves as general partners. They could not defeat the operative effect of that written

contract by establishing a contemporaneous parol agreement to the effect that they were not to be bound but that a future corporation should be. *Kelner v. Baxter*, L. R. C. P. 174; *Davis v. Creamery Ass'n*, 63 Mo. App. 477; *Gardner v. Matthews*, 11 Mo. App. 269; *Rodney v. Wilson*, 67 Mo. 123; *Henshaw v. Dutton*, 59 Mo. 139; *Jones v. Shaw*, 67 Mo. 667; *Smith's Adm'r v. Thomas*, 29 Mo. 307; *Gardner v. Matthews*, 81 Mo. 627; *Blakely v. Bennecke*, 59 Mo. 195; *Lapsley v. McKinsley*, 38 Mo. 245.

The defendants' second instruction is the same in expression as that of the plaintiff except that it in effect further told the jury that the plaintiff was not entitled to recover if there was any agreement that the written contract was to be that of a corporation which defendants contemplated forming. It is needless to say that for reasons already sufficiently appearing this instruction was erroneous and should not have been given.

The case was tried on an improper theory and accordingly the judgment must be reversed and the cause remanded. All concur.