SMITH'S ADMINISTRATORS, Defendants in Error, v. THOMAS, Plaintiff in Error.

1. A written contract is presumed to contain the whole contract entered into between the parties thereto.
2. In a suit upon a promissory note absolute on its face, parol evidence is inadmissible to show that, though absolute in form, it was payable only upon a contingency, or that in a certain event only one-half the amount was to be paid.

29 307
36a 512

29 307
73a 396

29 307
f 83a 507
f 83a 508

29 307
86a 631

29 307
101a ²254

29 307
95a ²496
97a ²309
97a ²312

*Error to Jackson Circuit Court.*

This was a suit upon the following due bill or promissory note : " February 8, 1855. Due Jabez Smith three hundred dollars, borrowed money. [Signed] Charles N. Thomas." The defendant set up in his answer that the consideration of said note was the sum of three hundred dollars, borrowed of said Smith for the use of one Todd ; that at the date of said note both Smith and Thomas had liens upon some slaves belonging to Todd to secure debts due them respectively ; that there was also at that time a judgment and execution lien upon said slaves that was prior to the liens of Smith and Thomas ; that Todd wanted Smith to loan him more money to pay off this prior lien ; that Smith was unwilling to do so ; that Smith, in order to induce Thomas to loan the money to Todd, promised Todd that if he would borrow the money from him for Todd, and give his note to him (Smith), he would lose half the debt if Todd did not pay to said Thomas the money loaned, and Thomas should be held to pay only one-half the note ; that in consideration of this promise Thomas did borrow the money and gave the note sued on and paid the money over to Todd, who applied it to the payment and release of the prior lien ; that Todd has never paid said sum of money nor any part thereof to defendan Thomas, and is hopelessly insolvent.

At the trial the evidence adduced supported the answer. Smith's lien upon Todd's slaves was prior to that of Thomas.

The cause was tried by the court without a jury. The court refused the following declaration of law asked by defendant : " If the court, sitting as a jury, believe from the evidence that Smith, for the purpose of inducing Thomas to borrow from him three hundred dollars to pay to said Todd, to enable said Todd to pay off the prior lien mentioned in the answer, did promise Thomas that, if he would so borrow said sum, to be applied by Todd to the liquidation of said lien, and give said Thomas' note therefor, that said Thomas should only pay the one-half of said note if he should fail

to collect the same amount off of Todd thereafter; and that by said promise of Smith he did induce said Thomas so to borrow said sum and to give Smith the note here sued on, and that said sum so borrowed was applied to the liquidation of said prior lien; and that said Thomas has been unable to collect said sum or any part of it from Todd; and that Todd is now hopelessly insolvent, that then it will find for plaintiff only one-half the amount of said note and interest."

The court found for plaintiff.

*Hovey*, for plaintiff in error.

I. The promise of Smith was not within the statute of frauds. (23 Mo. 431; 26 Mo. 221.) The court ought to have granted the instruction asked. (See 8 Mo. 677; 2 Kent Comm. 465; 5 Pick. 384; 21 Mo. 573; Addison on Contr. 843; 3 Hill, 171; 20 Mo. 433, 297; 12 Mo. 298.) The evidence does not vary the written instrument; the due bill merely asserts a fact, and not a promise or contract.

*Hicks & Shelby*, for defendants in error.

I. There was no consideration for the promise made by Smith. It could not be set up to vary and contradict the written contract. (8 Mo. 161, 391; 24 Mo. 519; 17 Mo. 577.)

Ewing, Judge, delivered the opinion of the court.

This was an action on a due bill executed by the plaintiff in error to Jabez Smith, deceased, for three hundred dollars, borrowed money. The answer sets up a verbal agreement between the defendant and Smith at the time the due bill was given, by which it is alleged that but half of the sum called for by it was to be paid by the defendant in a certain event.

The only point in this case that need be noticed is whether the verbal agreement relied on by the defendant was admissible as a defence to the action, and we are of opinion it was not. The instrument is in form a due bill, but in legal

effect a promissory note, because it is an acknowledgment of indebtedness, which it is well settled implies a promise of payment. It being then a promissory note absolute on its face and complete in itself, was parol evidence admissible to make it conditional or payable upon a contingency? The defence is not that there is a want or failure of consideration, or that a fraud was practiced upon the defendant in respect to the transaction by Smith; but the question is whether effect shall be given to a contemporaneous oral agreement, by which the liability of the defendant is to pay one hundred and fifty instead of three hundred dollars; whether, in other words, he may by proof of a verbal understanding show that a contingency or condition not incorporated into the writing has happened, and in consequence thereof the debt is only half of what it purports to be by the due bill. I am unable to see any thing in the transaction that takes the case out of the operation of the general rule against admitting parol evidence to add to, vary or contradict a written instrument. This contract is sought to be controlled by an oral agreement, made concurrently with it, engrafting upon it a stipulation by which the absolute promise shall be a conditional one; and, instead of an agreement to pay the amount called for by the writing, the defendant proposes to show that, upon the failure of Todd to pay him that sum, he in that event only owes the plaintiff half the face of the note. If the rule adverted to does not apply in this and like cases, it is not easy to imagine a case to which it would apply. Whatever difficulty there may be sometimes in the application of the general principle to given cases, it does not exist in the class of cases to which the one under consideration belongs. For the cases are numerous of the application of the rule in actions on notes absolute on their face, where it has been attempted to control their effect by proof of a contemporaneous oral agreement, showing that payment was to be made on a condition. (Ransom v. Walker, 1 Stark. 361; Mosely v. Hariford, 10 B. & C. 729; Foster v. Jolly, 1 C. M. & R. 703; Adams v. Wordly, 1 M. & W. 378; Hunt

v. Adams, 7 Mass. 518 ; Cotes v. Wakefield, 15 Pick. 437 ;
9 Metc. 41.) Hence a note payable on " demand" or a spe-
cified day can not be varied in its operation by parol evidence
of a verbal agreement that the principal should not be called
for as long as the interest was punctually paid; (5 Pick.
506 ;) or that it should be paid at another time or in any
other mode than is imported on its face. (1 Chitty, 661 ;
3 Fair. 466 ; 4 Mass. 414.) A sum in which a note is made
payable can not, consistently with the rule, be varied by
parol except upon the principle of showing want, failure or
fraud in the consideration. The same rule forbids evidence
of a contemporaneous or anterior parol stipulation between
the parties varying the legal effect of a note where no time
of payment is specified. (8 John. 189; see also Jones v.
Jeffries, 17 Mo. 578.) The general rule on this subject is
too familiar to require a reference to authorities, and the
cases cited are referred to as instances of the application of
the rule to promissory notes alone, and to cases analogous to
that under consideration.

The judgment is affirmed ; the other judges concurring.