CHARLES E. PATT, Appellant, v. C. B. LEAVEL and IDA M. LEAVEL, Respondents.

Kansas City Court of Appeals, February 5, 1912.

1. **BILLS AND NOTES: Failure of Consideration.** Plaintiff sued on a note, the consideration for which was the discharge of defendant's debts for an insurance policy and interest on other notes and the promise of plaintiff to perform certain work for the benefit of defendants. The defense was failure of consideration. *Held*, that there was not a total failure of consideration in view of the evidence adduced.

2. ————: ————: Parol Evidence. Except in case of fraud or mistake, or total or partial failure of consideration, parol evidence of a verbal agreement made at the time of, or prior to, the execution of a note, is not to be received to qualify, contradict, vary, subtract from, or add to, the terms of a note.

3. ————: ————: ————. The rule that written contracts cannot be varied by parol does not prevent inquiry into the consideration of such contracts so as to show a full or partial failure of consideration.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas*, Judge.

REVERSED AND REMANDED.

*Stivers & Morris* and *W. W. Calvin* for appellant.

(1) The testimony admitted on behalf of the defense, tending to establish a collateral or contemporary agreement, in connection with the giving of the note in question, constituted no defense to this action, as it amounted to an attempt to contradict or vary the terms of a written agreement by parol testimony. Gardner v. Mathews, 81 Mo. 627; Pearson v. Carson, 69 Mo. 550; Life Ass'n v. Cravens, 60 Mo. 388; Harwood v. Brown et al., 23 Mo. 69; Ins. Co. v. Smucker, 106 Mo. App. 304; Kessler v. Clayes, 147 Mo. 99; Holmes v. Farris, 97 Mo. App. 305; Organ Co. v. Swartzell et al., 61 Mo. App. 490. (2) Even if the agreement relied upon by defendants had been in writing, it was an independent contract and at best could only have furnished a basis for a separate action, or a counterclaim properly pleaded. Bircher v. Payne, 7 Mo. 462; Atwood v. Lewis, 6 Mo. 392; Bond v. Worley, 26 Mo. 254; Bridge et al. v. Tiernan, 36 Mo. 439. (3) Defendants should have rescinded promptly and *in toto* the agreement upon which they claim the note in question was based, and should have tendered back to plaintiff the amount of

interest and the prepaid insurance premium, in order to have availed themselves of the plea of failure of consideration. Failing in this, they cannot defeat a recovery upon the note. Och v. Railroad, 130 Mo. 46; Estes v. Reynolds, 75 Mo. 563; Jarrett v. Morton, 44 Mo. 275; Hart v. Handlin, 43 Mo. 171; French v. French, 84 Iowa 655; Hunter v. Lonious, 82 Texas, 677; Rogers et al. v. Mercantile Pub. Co., 118 Mo. App. 1; Heiman v. Merc. Co., 106 Mo. App. 438; Fenwick v. Bowling, 50 Mo. App. 516.

*Horace H. Blanton* for respondents.

(1) As a consideration for the note sued on, appellant promised and agreed to make certain completions and repairs upon certain real estate, which completions and repairs he failed, neglected and refused to make. There was, therefore, a failure of consideration and appellant cannot recover. Benton et al. v. Klein, 42 Mo. 97; Gaar, Scott and Co. v. Hill, 113 Mo. App. 10; Grand River College v. Robertson, 67 Mo. App. l. c. 337, 338; Grand River College v. Robertson, 72 Mo. App. l. c. 12; Hacker v. Brown, 81 Mo. 68. (2) Failure of consideration of written contracts may be shown by parol evidence. Gaar, Scoot and Co. v. Hill, 113 Mo. App. l. c. 13; Benton et al. v. Klein, 42 Mo. 97; Grand River College v. Robertson, 67 Mo. App. l. c. 337, 338; Hacker v. Brown, 81 Mo. 68.

JOHNSON, J.—Plaintiff brought this suit in a justice court upon a negotiable promissory note for $71.25, executed and delivered to plaintiff by defendants October 7, 1909, and by its terms payable sixty days after date, together with interest from date at six per cent per annum. The execution and delivery of the note are admitted and the sole defense interposed by defendants, both in the justice court and in the circuit court where the cause was taken by appeal, was a failure of consideration. This issue was

tried in the circuit court without a jury and judgment was rendered for defendants on the theory of a total failure of consideration. Plaintiff appealed.

The defendants are husband and wife. In April, 1909, they purchased a residence of plaintiff for $5,250 and a deed was duly executed and delivered by plaintiff conveying the property to Mrs. Leavel, subject to a deed of trust of $2,750. The remainder of the purchase price was paid as follows: Mrs. Leavel paid $500 in cash at the delivery of the deed and executed and delivered to plaintiff her three promissory notes, two for $750 each and one for $500, payable respectively in one, two and three years after date and all bearing interest from date. Defendants secured the payment of these notes by executing and delivering to plaintiff a second deed of trust on the property.

Defendants contend, and their testimony supports their claim, that as a part of the transaction just recited, it was orally agreed by plaintiff, who was the payee of the second mortgage notes, that no interest would be charged on them if defendants should pay them all in six months after their date. Further defendants contend that plaintiff orally agreed at his own expense to make some necessary repairs on the house and in consideration of that agreement, defendants purchased of plaintiff and had transferred to Mrs. Leavel a policy of fire insurance which plaintiff had procured and paid for. The unearned premium was $37.10 and Mr. Leavel gave plaintiff his check for this amount. The check was not presented for payment by plaintiff to the bank on which it was drawn for the reason, so defendants say, that plaintiff agreed he would not cash it until he had completed the repairs. Plaintiff denies that the making of the repairs constituted any part of the consideration of the check and states that it was not presented for payment on the request of Mr. Leavel who stated, when he gave the check, that he had no money in the bank.

In the following August, defendants paid plaintiff the principal of two of the second mortgage notes aggregating $1500 and gave plaintiff their note for the accrued interest on those notes amounting to $20, on the oral agreement, they say, that the note would be returned to them if they should pay the remaining note of $500 within six months of its date. On October 7th following, and within the period just stated, they paid the principal of that note and demanded the return of their note of $20. Plaintiff refused the demand, claiming he had sold and transferred the second mortgage notes, repudiated his agreement, and stated that he would insist on the payment of the accrued interest on the notes, which then amounted to $34.15, and of the check of $37.10 given by Mr. Leavel for the insurance policy. Plaintiff had not made the promised repairs on the house and according to the testimony of defendants, promised that he would complete the repairs if defendants would give him their note covering the two items of insurance and interest. Defendants accepted this proposal on the distinct understanding that the promise of plaintiff to make the repairs was the consideration that induced them to give the note, which is the note in suit.

Plaintiff contends in his testimony that the only consideration for the note was the two items of insurance and interest and that the subject of the repairs was not mentioned as an element in the transaction. The repairs were not made and when the note fell due plaintiff demanded payment and, the demand being refused, brought this suit. There is no evidence in the record tending to show the value of the repairs in controversy.

The rule that antecedent and contemporaneous oral agreements relating to the subject-matter of a written contract are merged in the written contract and that evidence of such agreements will not be received to contradict or alter the terms of the written

contract, is especially applicable to negotiable instruments for the reason that the law merchant endeavors to give to the face of such instruments the character of truth and to the obligation expressed, the stamp of finality.

"Therefore, except in cases of fraud or mistake, or total or partial failure of consideration, parol evidence of a verbal agreement made at the time of or prior to, the execution of the note, is not to be received to qualify, contradict, vary, subtract from or add to the terms of a note which is absolute on its face." [Kessler v. Clayes, 147 Mo. App. l. c. 99, and cases cited.]

It is not claimed by defendants that there was any fraud or mistake that induced the execution of the note nor have they interposed a counter-claim based on the alleged breach of plaintiff's promise to repair which they claim was the principal consideration. Their sole defense on which they prevailed in the trial court is a total failure of consideration.

"In this state the rule that written contracts cannot be varied by parol has never been held to prevent inquiry into the consideration of such contract so as to show a full or partial failure of consideration." [Gaar, Scott & Co. v. Hill, 113 Mo. App. l. c. 13.] Indeed this exception to the general rule has conclusive statutory support. [Sec. 1974, R. S. 1909.].

Defendants were not precluded from offering parol evidence to show a total or partial failure of consideration. Instead of adducing such evidence their own proof conclusively establishes the fact that there was not even a partial failure of consideration. They received and still retained their insurance policy for which they had not paid plaintiff the agreed price. In addition to the discharge of this obligation the note in controversy also settled the demand plaintiff was pressing for the accrued interest on the mortgage notes. It is true defendants had been denying

the latter obligation but in the compromise and settlement that resulted in the execution of the note in hand, that obligation was recognized by them as a part of the consideration of the note. The aggregate amount of these two demands of plaintiff was the amount for which defendants gave their note and it is idle to talk of that note having no consideration when it is supported in part by an indisputable legal obligation of defendants to pay for the insurance policy and in part by a demand in controversy, about the legal existence of which there was room for a reasonable difference of opinion. In the settlement defendants, according to their evidence, received further consideration in the promise of plaintiff to make the repairs in controversy. So that the entire consideration for the note was the discharge of their debts for the insurance policy and interest and the promise of plaintiff to perform a certain work for their benefit.

A promise is good either as a full or partial consideration of a note and how may it be said in a case where neither fraud nor mistake is suggested, that the failure of the promisor to fulfill a promise constituting such partial consideration amounts in law to a total failure of consideration? If plaintiff made the promise to repair and broke it as alleged by defendants, such breach gave them a cause in damages against plaintiff, which they might have interposed in this action as a counterclaim, but it does not support the defense of no consideration.

The judgment is reversed and the cause remanded. All concur.