FIRST NATIONAL BANK AND TRUST COMPANY, RESPONDENT, v. STRAUSIE V. LIMPP, APPELLANT.*

Kansas City Court of Appeals. December 6, 1926.

*Corpus Juris-Cyc References: Bills and Notes, 8CJ, p. 255, n. 88; p. 259, n. 43; p. 263, n. 69; Evidence, 22CJ, p. 1152, n. 7; p. 1164, n. 76; p. 1170, n. 25; p. 1245, n. 24; p. 1248, n. 29; p. 1255, n. 53.

*E. G. Robison* and *J. J. Robison* for respondent.

*Mytton & Parkinson* for appellant.

BLAND, J.—This is an action on a promissory note. At the conclusion of the testimony the court directed a verdict for plaintiff, resulting in the jury finding for plaintiff in the sum of $6563. Defendant has appealed.

The facts show that defendant, Strausie V. Limpp, and one Wilbur R. Limpp, were and are husband and wife; that sometime in the spring or summer of 1922 defendant's husband owed plaintiff and the Citizens National Bank of King City equal sums of money represented by his notes to the respective banks. Defendant did not owe or was she obligated to pay any part of this indebtedness. The court sustained plaintiff's objection to the following offer of proof made by the defendant, which forms the basis of the defense to this action:

"Defendant offers to prove by the witness on the stand and by other witnesses that the note sued upon is one of two notes aggregating $10,400, secured by a deed of trust upon lands owned by Wilbur R. Limpp and that both of said notes were secured by one and the same deed of trust; that these two notes were renewal notes of a series of renewal notes representing indebtedness which originated in the spring of 1922.

"That at that time Strausie Limpp was the wife of Wilbur R. Limpp; that at that time he owed the Citizens State Bank and the First National Bank & Trust Company of King City, Missouri, the money which is the foundation of the claim on these two notes; that Strausie V. Limpp did not owe any part of said obligations.

"That at said time the First National Bank of King City, acting through Frank McKinney, and the Citizens National Bank of King City, Missouri, acting through Frank McKinney, requested Strausie V. Limpp, the defendant in this case, to execute the notes to the respective banks, including the note sued on herein and introduced

in evidence, which is one of the series of renewal notes already mentioned, and at that time informed her that as the wife of Wilbur R. Limpp she had an interest in the real estate standing in his name; that she at first refused to sign the notes but finally consented to and did execute the notes upon the statement made by him and for the consideration of the agreement made by the First National Bank & Trust Company of King City, Missouri, and the Citizens National Bank of King City, Missouri, through Frank McKinney, who was representing both banks, that in the event of her signing the notes and mortgage securing the same, that in the event of the land mentioned in said deed of trust—which was land owned by Wilbur R. Limpp and the title of which stood in his name—ever being exposed for sale under the provisions of prior deeds of trust or a prior deed of trust on the same land, which the said McKinney informed her were at that time in force and effect, or if said land should be exposed for sale under the terms of the deed of trust securing the two notes herein mentioned which she was at that time being asked to execute, or under any note or mortgage securing the same which might be given in renewal of the notes and mortgage which she was being asked to execute at that time, that said banks and each of them would agree that one or both of said banks would appear at the sale and bid a sum equal to the entire indebtedness existing against said land.

"Defendant further offers to show that subsequent to the maturity of the note sued on the land described in the deed of trust executed by her at that time, or a deed of trust securing renewal notes for the identical indebtedness, the land was exposed for sale, and that neither of these banks nor any one for them appeared and bid upon the property, and that said land was sold for a sum less than the amount of the prior mortgage existing against said land.

"That this agreement was a part of the consideration of the notes, and that it was further agreed that in the event of their failure to appear and bid an amount equal to the amount of the aggregate indebtedness represented by loans against the land, that as liquidated damages for the breach of the agreement they or one of them would cancel and surrender the notes or renewal notes that might be outstanding and deliver them to the defendant and her husband."

Plaintiff's objection to this offer was based upon the ground that such evidence would tend to vary the terms of the note thus violating the parol evidence rule. And, further, on the ground that the offer of proof did not show that Frank McKinney was acting in the scope of his authority as an officer of the banks. Defendant contends the parol evidence rule is not applicable to the defense offered in this case because such rule does not extend so far as to preclude the admission of extrinsic evidence to show a prior or contemporaneous collateral parol agreement consistent with the terms of the written con-

tract. Defendant's view of the law is correct. It is merely a question as to whether this rule of law is applicable to the defense sought to be made in this case. While an independent contemporaneous parol agreement touching the same subject-matter may under some circumstances be admitted in evidence, such an agreement is not admissible if it tends to vary or contradict the terms of a written contract made at the same time. [Threshing Machine Co. v. Matthews, 188 Mo. App. 429, 435, 436.] It has been held that parol evidence is not admissible for the purposes of proving that a promissory note, absolute on its face, was to be paid only upon the happening of some contingency. [Earle v. Woodruff, 274 S. W. 107, 109; Jones v. Jeffries, 17 Mo. 577; Smith's Adm'rs. v. Thomas, 29 Mo. 307; Farmers Bank v. Sloop, 200 S. W. 72; Bank of Dearborn v. Gabbert et al., 274 S. W. 861, 863; Hurt v. Ford, 142 Mo. 283; Wolfinbarger v. Metcalf, 282 S. W. 749; Bass v. Sanborne, 119 Mo. App. 103, 107; Benson's Adm'rs. v. Harrison, 39 Mo. 304; Farmers' State Bank v. Sloop, 200 S. W. 304.] And this rule applies where an accommodation maker is sued. [Bank of Dexter v. Simmons, 204 S. W. 837.] Here the defense is based upon a contemporaneous agreement, made at the time the note was signed by the defendant, to the effect that plaintiff should not be liable upon the note but that plaintiff would look to the land and Wilbur Limpp for its payment. We are not concerned with the wording or mere form of the arrangement; it is the substance of the agreement that governs and there is no question but that an agreement, such as was attempted to be shown in this case, to-wit, that defendant should not be liable upon the notes she signed is in conflict with the terms of the note itself and, therefore, violates the parol evidence rule. [Stevens v. Inch, 98 Kansas 306.]

But it is insisted that there was no consideration moving to defendant for the signing of the note as accommodation maker, unless the promise to the defendant by the banks was a consideration, and as against the payee in the note she could assert the defense of no consideration. In support of this contention defendant cites the case of Wolfinbarger v. Metcalf, supra. In that case the evidence tended to show that the note was given solely for the accommodation of the payee and it is the rule that the accommodating party may set up a want of consideration as a defense in a suit by the accommodated party, for a person for whose benefit accommodation paper has been made acquires no rights against the accommodating party. [8 C. J. 259; Higgins v. Ridgway, 153 N. Y. 130; Straus v. Citizens State Bank, 254 Ill. 185.] In the case at bar defendant's husband was the accommodated party and not the bank as was the case in Bank v. Yager, decided at this term, and there is no question of either lack or failure of consideration involved.

"The defense of want of consideration is available only against the party accommodated, and it is immaterial that the holder knows that the paper is accommodation paper. This rule protects the payee of a note who takes it with knowledge that, as between others, it is accommodation paper." [8 C. J. 263.] [See, also, 8 C. J., p. 255; Bank of Dexter v. Simmons, supra.]

In order to show a lack or failure of consideration, defendant seeks to violate the parol evidence rule. This rule cannot be violated under the guise of showing what the actual consideration of the instrument was.

"Where the effect of parol evidence contradicting the consideration expressed in the instrument or showing the true consideration to be different therefrom would be to change or defeat the legal operation and effect of the instrument, or to add new matter to an agreement complete upon its face, the evidence is not admissible; for in such case it comes within the rule which forbids the introduction of parol evidence to vary, contradict, or defeat a written instrument and not within the exception to that rule that parol evidence is admissible for the purpose of contradicting or showing that the true consideration is other and different from that expressed in the writing." [22 C. J. 1169, 1170.] [See, also, Bank of Dexter v. Simmons, supra.]

What we have said disposes of this appeal and it is unnecessary for us to pass upon plaintiff's contention that the offer of proof was not broad enough to show that Frank McKinney was authorized to make, on behalf of plaintiff, the agreement claimed by the defendant.

The judgment is affirmed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.