MAIN STREET BANK, RESPONDENT, v. JAMES ENNIS, APPELLANT.*

Kansas City Court of Appeals. June 11, 1928.

---

*Corpus Juris-Cyc References: Bills and Notes, 8CJ, section 354, p. 219, n. 83; Evidence, 22CJ, section 1555, p. 1160, n. 60; section 1669, p. 1255, n. 53.

*Milton Schwind* for appellant.

*Harzfeld, Beach & Steeper* for respondent.

FRANK, C.—Action to recover balance due on a promissory note. Plaintiff recovered judgment in the sum of $707.38 and defendant appealed.

The petition is in conventional form.

The substance of defendant's answer is that prior to the execution of the note in suit, one A. G. Arnold and the plaintiff each owned a note, both of which were secured by a deed of trust on certain real estate in Kansas City, Missouri; that by the terms of said deed of trust, plaintiff's note was entitled to priority of payment; that both notes were due and plaintiff was threatening to foreclose; that Arnold and plaintiff agreed that plaintiff should foreclose the deed of trust, and if no one bid sufficient to pay plaintiff's note, Arnold would bid in the property then give plaintiff bank his note for the amount of its claim and secure it by a first deed of trust on the property; that the property was sold under the deed of trust and a real estate firm by whom defendant was employed, bid in the property for Arnold, and, for convenience, took the title in defendant's name; that no money was paid on said bid but, defendant, at the direction of his real estate firm, executed to plaintiff the note in suit and a deed of trust on the property to secure it; that A. G. Arnold endorsed the note; that defendant did not know that the title to the property had been taken in his name until his employer, the real estate firm representing Arnold, requested him to execute the note and deed of trust to plaintiff; that neither Arnold or the plaintiff ever requested defendants to execute the note or in any way lend his credit to Arnold; that defendant did not sign the note for the purpose of lending his credit to Arnold but only because the title had been placed in his name by mistake and he was informed that his signing the note was a mere matter of form for the purpose of giving plaintiff a lien on the property.

It is contended that the trial court erred; (1) in excluding testimony that prior to the execution of the note in suit plaintiff and Arnold agreed that if there were no bidders at the sale under the deed of trust securing their notes, Arnold could bid in the property and give plaintiff his note for the amount of plaintiff's claim, (2) erred in excluding testimony that the note owned by Arnold was junior to the note owned by plaintiff, (3) erred in excluding testimony that there was no money paid to the trustee who made the sale under the deed of trust, (4) erred in excluding testimony that plaintiff's attorney required Arnold to endorse the note and at the time said to him, "This is your property and your deal," (5) erred in excluding testimony that after Arnold endorsed the note, he gave

plaintiff's attorney a check and (6) erred in excluding testimony that plaintiff, in its instructions to its attorney, did not require the signature of anyone except Arnold on the note. Defendant' also contends that there was no consideration for his signing the note. We will consider these contentions together because it is claimed that the evidence rejected by the court tended to show want of consideration.

If plaintiff and Arnold each owned a note secured by the same deed of trust, with plaintiff's note entitled to priority of payment, and Arnold, in order to secure more time to work out the collection of his note, made an agreement with plaintiff that the deed of trust should be foreclosed and he would bid in the property, then execute his note to plaintiff bank for the amount of its claim, and secure it by a deed of trust on the property, and such agreement was carried out, there would be no question but what there would be a valid consideration for the note as between plaintiff bank and Arnold. The question confronting us is whether or not there was a consideration as between defendant and the bank.

The deed of trust was foreclosed. H. R. Ennis, a member of a real estate firm that represented Arnold in this transaction, attended the foreclosure sale, bid in the property for Arnold, took the title thereto in the name of defendant, who at that time was in the employ of said real estate firm. Ennis testified that Arnold's wife was sick and at that time lived at Excelsior Springs and for that reason he had the title to the property taken in the name of defendant in order that the transaction could be completed without another foreclosure. After the title to the property had been put in defendant's name, he, at the request of said real estate firm, voluntarily executed to plaintiff bank the note in suit and a deed of trust on the property to secure it. No one connected with plaintiff bank ever talked to defendant or any member of the real estate firm about the transaction or requested defendant to take title to the property and execute the note and deed of trust.

Defendant testified that he had no interest in this transaction and did not know at the time that the title to the property was taken in his name; that he did not receive anything for signing the note, and no demand was made on him to pay the balance due on the note prior to the institution of this suit.

Defendant voluntarily executed the note, and upon its face it is a valid and binding obligation and imports a consideration. One who admits the execution of a note will not be permitted to show that at the time the note was executed, it was agreed that he need not pay it. [Smith's Administrator's v. Thomas, 29 Mo. 307; Jones v. Shaw, 67 Mo. 667, l. c. 669, 670; Bass v. Sanborn, 119 Mo. App. 103,

l. c. 107; Barnard State Bank v. Fesler, 89 Mo. App. 217; Bunce v. Beck, 43 Mo. 266; Life Association of America v. Cravens, 60 Mo. 388; Bank of Dexter v. Simmons, 204 S. W. 837; Harms v. Long, 213 S. W. 509.] However, parole evidence is admissible to show want or failure of consideration. [Patt v. Leavel, 161 Mo. App. 242, 143 S. W. l. c. 835.] It may be that defendant did not receive anything for signing the note, but Arnold did. If defendant, representing Arnold, chose to execute the note for Arnold and plaintiff accepted it, the consideration passing to Arnold was a sufficient consideration for defendant signing the note. Suppose A agreed to accept B's note for a horse, and C, representing B would execute his own note and deliver it to A and get the horse, would any one contend that C was not liable on the note, absent a showing that C executed the note at the request or for the accommodation of A? We think not.

If defendant had executed the note for the accommodation of plaintiff, the payee of the note, he would not be liable thereon. The accommodated party never acquires any rights against the accommodation party, hence as between such parties there is no consideration, a fact which may always be shown as a defense in a suit on a note between the immediate parties. [First National Bank & Trust Co. v. Limpp, 288 S. W. 957; 8 Corpus Juris, p. 255; Bank of Dexter v. Simmons, 204 S. W. 837; Peoples Bank of Glasgow v. Ann Yager, decided at this term but not yet reported.] This rule, however, has no application here because the note was not executed by defendant for the accommodation of the bank.

For reasons already stated, the evidence offered by defendant and rejected by the court did not tend to show want of consideration and was, therefore, properly rejected.

We find no reversible error in the record and therefore affirm the judgment. *Williams, C.*, concurs.

PER CURIAM:—The foregoing opinion by FRANK, C., is hereby adopted as the opinion of the court. All concur, except *Trimble, P. J.*, absent.