**Jack BURNS, a/k/a John T. Beirne, Plaintiff-Respondent,**

**v.**

**Adaline G. WEBER, Defendant-Appellant.**

**No. 32175.**

St. Louis Court of Appeals.

Missouri.

Jan. 18, 1966.

Rehearing Denied Feb. 18, 1966.

Albrecht & Homire, James L. Homire, Jr., St. Louis, for defendant-appellant.

Wyne & Delworth, William H. Wyne, Jr., John H. Hartenbach, Clayton, for plaintiff-respondent.

DOERNER, Commissioner.

This is an appeal by defendant from a summary judgment for $3200.00, together with interest thereon, entered in favor of plaintiff in an action on a promissory note.

In her brief defendant asserts that the court erred in rendering the summary judgment against her because plaintiff's petition stated no claim upon which relief could be granted; and because on the record there remained in dispute genuine issues as to material facts. These assignments require a comprehensive review of the pleadings and other parts of the record.

Plaintiff alleged in his petition that on or about December 15, 1954 defendant made, executed and delivered to plaintiff a promissory note in the amount of $3500.00, payable on demand, together with interest thereon at the rate of 4% per annum; that $300.00 had been paid on the principal prior to 1961, and that interest had been paid through the year 1960; and that demand had been made for the balance due of $3200.00, together with interest thereon. The prayer was for judgment for $3200.00, interest thereon from January 1, 1961, the costs of collection, and attorneys' fees. The note, filed with the petition as an exhibit, was dated December 15, 1954, was signed by both defendant and one John J. Manion, and read that "———— after date for value received I promise to pay to the order of Jack Burns of Creve Coeur, Mo. Three thousand five hundred dollars with interest at 4 percent per annum until paid."

Defendant's original answer was merely a general denial. Thereafter, in accordance with Civil Rule 59.01, V.A.M.R., plaintiff filed and served on defendant a written request for the admissions of defendant that the note "is genuine," and that defendant "has made no payment in compliance with the terms of the above-described demand note." To these requests defendant filed an unsworn answer in which she denied each and every request for admission submitted by plaintiff. Plaintiff then moved for summary judgment, and in support thereof filed an affidavit in which he deposed:

"On the 15th day of December, 1954, defendant executed and delivered a Promissory Note payable to plaintiff in the amount of Three Thousand Five

Hundred Dollars ($3,500.00), payable on demand together with interest thereon at the rate of four per cent (4%) per annum; a copy of said Note is attached hereto.

"Prior to the date of the affidavit, Three Hundred Dollars ($300.00) has been paid on the principal amount of the loan and the interest has been paid through the year 1960.

"Demand has been made for Three Thousand Two Hundred Dollars ($3,-200.00), the balance of said Note, together with interest from January 1, 1961."

Defendant filed no opposing affidavit or affidavits. However, after plaintiff's motion for summary judgment had been filed, but before it was presented or heard, defendant filed (presumably by leave) an amended answer in which she admitted that she had signed the note attached to plaintiff's petition as an exhibit; admitted that the payments of principal and interest had been made as alleged in plaintiff's petition; denied plaintiff's allegation as to demand for payment and the balance due; affirmatively pleaded a lack of consideration to her for her execution of the note; and also alleged affirmatively that she had signed the note solely as the agent and bookkeeper for John J. Manion, that at the time the note was signed it was agreed between the parties that she would in no way become liable thereon, and that her signature was requested by the plaintiff because of her familiarity with the accounts and affairs of Manion. Matters thus stood when plaintiff's motion for summary judgment was argued, submitted, and subsequently sustained.

Citing Section 401.071, RSMo 1959, V.A.M.S., defendant asserts that no claim upon which relief could be granted was stated because neither plaintiff's petition nor his affidavit showed that presentment and demand for payment had been made upon defendant. We note that while it is alleged in plaintiff's petition and in his affidavit that, "demand has been made" it is not stated that such demand was made on defendant. But in any event Section 401.-071 is not applicable since defendant as a co-maker of the note is a "* * * person primarily liable on the instrument, * * *" in which case, "Presentment for payment is not necessary * * *." Section 401.070. And as stated in Douglass v. Douglass, Mo., 363 S.W.2d 566, 571: "* * * The cases hold that in an action against the maker of a note, no demand for payment is necessary. Hackett v. Dennison, 223 Mo.App. 1213, 19 S.W.2d 541; Lambert v. Gutman, Mo.App., 171 S.W.2d 735. * * *"

The vital issue presented by defendant's second assignment is whether, under the pleadings, the admissions, and plaintiff's affidavit, there remained any genuine issue as to a material fact. If so, then it was error to render the judgment in favor of plaintiff, for Civil Rule 74.04(h) provides that, "In no case shall a summary judgment be rendered on issue triable by jury or the court without a jury unless the prevailing party is shown by unassailable proof to be entitled thereto as a matter of law." Nelson v. Browning, Mo., 391 S.W. 873; Cooper v. Finke, Mo., 376 S.W.2d 225. Plaintiff contends that under the record no such issue remained. Defendant, to the contrary, asserts that the two affirmative defenses pleaded in her amended answer, lack of consideration and what she terms a "specific contractual agreement" that she would not be liable on the note, raised genuine issues as to material facts which precluded the entry of the summary judgment.

It is true that various issues were resolved against defendant by the pleadings, her admissions, and plaintiff's affidavit. Thus, by failing to verify her answer to plaintiff's request for admissions she is deemed to have admitted that the note was "genuine" (that is, not spurious or a forgery), and that she had made no payment thereon. Similarly, no issue remained regarding defendant's execution of the note; in fact, in her amended answer she admitted that she had signed the note attached to plaintiff's peti-

tion. Lastly, by not filing an opposing affidavit she failed to controvert those matters set forth in plaintiff's affidavit. They related, however, only to defendant's execution and delivery of the note; to the payments of principal and interest, although by whom is not stated; to a demand for payment, but again, on whom such demand was made is not specified, and to the balance due on said note.

It is important to note that the subject of consideration is not referred to in either the plaintiff's request for admissions or in his affidavit. Defendant was not asked to admit that there had been some consideration for her execution of the note, nor did plaintiff so depose in his affidavit. Essentially, therefore, the situation is one in which plaintiff merely declared on the note, negotiable in form, and attached it to his petition; and defendant, while admitting that she had executed the note, affirmatively pleaded the defense of want of consideration. Plaintiff argues in effect that under these circumstances he was entitled to summary judgment because Section 401.024 provides that, "Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration * * *." But as the words "prima facie" indicate, the presumption thereby created is only rebuttable, not conclusive. Section 401.028, RSMo 1959, V.A.M.S., provides that, "Absence or failure of consideration is a matter of defense as against any person not a holder in due course * * *." And since the plaintiff is the payee he is not a holder in due course, and the note is subject to the defense of want of consideration. Popovsky v. Griwach, 361 Mo. 1120, 238 S.W.2d 363; Mutual Life of Illinois v. McKinnis, Mo. App., 15 S.W.2d 935. Hence the presumption created by Section 401.024 does not constitute "unassailable proof" within the meaning of Civil Rule 74.04(h). Because want of consideration is an affirmative defense it was, of course, necessary for defendant to plead that issue, Civil Rule 55.10, V.A.M.R., as she did in her amended answer. And since the note does import con-

sideration, to overcome this in the trial the burden of proof will rest on defendant to establish the want of consideration by competent proof. Cox v. Sloan, 158 Mo. 411, 57 S.W. 1052; Connersville Casket Co. v. Gist, Mo.App., 355 S.W.2d 374. But it is obvious that defendant's pleaded defense of absence of consideration raised a genuine issue as to a material fact and that under the present state of the record plaintiff was not entitled to a summary judgment.

Defendant's other plea, that at the time the note was executed it was agreed between the parties that defendant would in no way become liable thereon, presented no defense and by itself would not have precluded the entry of a summary judgment. A similar agreement was considered by this court in F. M. Deuchler & Company v. Hampton, Mo.App., 339 S.W.2d 499, 503, where we held:

> "It is the settled law of this state that parol agreements made prior to or contemporaneously with the execution of the note, which tend to contradict or vary the terms of the note, cannot be set up as a defense to a suit on the note. Farm & Home Savings & Loan Ass'n of Missouri v. Theiss, 342 Mo. 40, 111 S.W.2d 189; Bay v. Elmer, Mo.App., 237 S.W.2d 932; Farmers' Bank of Weatherby v. Redman, Mo.App., 24 S.W.2d 235; Main Street Bank v. Ennis, 222 Mo.App. 915, 7 S.W.2d 391; Farmers' State Bank v. Miller, 222 Mo. App. 633, 300 S.W. 834."

For the reason stated the judgment is reversed and the cause remanded for further proceedings.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court. Accordingly, judgment is reversed and the cause remanded for further proceedings.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.