

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00154-CR

TVARSKI STONE                                           APPELLANT

V.

THE STATE OF TEXAS                                           STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 1315593D

----------

## MEMORANDUM OPINION[1]

----------

A jury found Appellant Tvarski Stone guilty of the offense of aggravated assault with a deadly weapon. Punishment was tried to the court; the trial court set Appellant's punishment at four years' confinement, suspended imposition of the sentence, and placed Appellant on probation for four years. Subsequently, the trial court granted Appellant's motion for new trial as to punishment only, and

---

[1]*See* Tex. R. App. P. 47.4.

a new jury was empaneled to assess Appellant's punishment. After the new trial on punishment, the jury assessed Appellant's punishment at ten years' confinement and recommended probation. The trial court sentenced Appellant accordingly, suspending imposition of the sentence and placing Appellant on probation for ten years. In three issues, Appellant contends that she received ineffective assistance of counsel, that the trial court erred by including a definition of reasonable doubt in the jury charge, and that the trial court lacked jurisdiction to hear her case or render a judgment in her case because her case was not transferred to the court's docket. For the reasons set forth below, we will affirm the trial court's judgment.

Frank Hukill testified that he was employed by Oncor. On February 5, 2013, he went to a residence in Arlington to check the electric meter because Oncor had detected that the meter was not registering electric usage. Hukill parked his Oncor-marked vehicle in front of the residence. Hukill testified that his access to the meter was blocked by a locked gate; he used a ladder to climb over the fence to check the meter. He removed the cover from the meter and discovered that some of the wires had been severed. Hukill determined that he needed to install a new meter and set about that process. While he was installing the new meter, Appellant exited the residence in her pajamas with a gun in her hand. Although Hukill identified himself as an Oncor employee who was there to install a new meter, Appellant cursed at him, pointed the gun at his head, and ordered him to leave her yard. Hukill departed, drove his vehicle down

2

the street a few houses, and called the police. Eventually, Appellant gave a statement to police; she denied she had a handgun when she spoke to Hukill.

In her first issue, Appellant argues that because she was eligible for probation from a jury but not from the trial court, her trial counsel rendered ineffective assistance of counsel by permitting the trial court to assess her first punishment. Thus, Appellant claims that her counsel was ineffective at the punishment phase of trial.[2] The State asserts that this punishment-phase ineffective-assistance-of-counsel claim by Appellant "was rendered moot by the trial court's award of a new trial on punishment."

To show ineffective assistance of counsel, an appellant must establish by a preponderance of the evidence both prongs of the *Strickland* test: (1) that her counsel's representation fell below the standard of prevailing professional norms and (2) that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different—that is, that the appellant was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).

Appellant's punishment-phase ineffectiveness claim cannot meet the second *Strickland* prong because the trial court granted her a new trial on

---

[2]Appellant makes no complaint that her counsel was ineffective at the second punishment trial, nor does she complain of the punishment assessed by the jury after the new punishment trial.

3

punishment and a jury assessed her punishment.[3]  *See Lopez v. State*, 428

S.W.3d 271, 282 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) ("Insofar as

Lopez argues that he received ineffective assistance of counsel at his first

punishment hearing, his claim is moot.  The results of that hearing were entirely

supplanted when the trial judge granted Lopez a fresh punishment

hearing . . . .").  Because in light of the new punishment trial Appellant cannot

establish that she was prejudiced by any ineffectiveness alleged to have

occurred at the first punishment trial, we overrule Appellant's first issue.

In her second issue, Appellant asserts that the trial court erred by including

a definition of reasonable doubt in the jury charge.  Specifically, Appellant argues

that the following statement included in the charge's reasonable doubt

definition—"[i]t is not required that the prosecution prove guilt beyond all possible

doubt; it is required that the prosecution's proof excludes all 'reasonable doubt'

concerning the Defendant's guilt"[4]—violates *Paulson*'s prohibition of submission

of the six *Geesa* reasonable doubt definitional paragraphs.  *See Paulson v.*

*State*, 28 S.W.3d 570, 572–73 (Tex. Crim. App. 2000); *Geesa v. State*, 820

---

[3]Appellant claims that the first jury, had it considered punishment, likely would have imposed a lesser sentence than the second jury because the trial court did so at the original punishment hearing.  But this is mere speculation and does not constitute a reasonable probability that the result would have been different.  *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.  And Appellant's allegation, even if correct, is not an allegation that she was denied a fair trial on punishment, which is the ultimate focus of our prejudice inquiry.  *See id.* at 697, 104 S. Ct. at 2070.

[4]This is *Geesa*'s reasonable doubt instruction paragraph [3].

S.W.2d 154 (Tex. Crim. App. 1991), *overruled in part by Paulson*, 28 S.W.3d at 570. Appellant lodged no objection to the definition in the jury charge and does not articulate how this definition of reasonable doubt caused her egregious harm. Instead, she contends that automatic reversal is required under *Paulson*.

The Texas Court of Criminal Appeals has addressed Appellant's contention in a case involving facts identical to those here and has held that the trial court did not abuse its discretion by submitting the definition of reasonable doubt that Appellant complains of. *See Woods v. State*, 152 S.W.3d 105, 114 (Tex. Crim. App. 2004), *cert. denied*, 544 U.S. 1050 (2005). In *Woods*, the court of criminal appeals explained,

> In point of error thirteen, the appellant argues that the trial court erred by submitting part of the *Geesa* instruction in its charge to the jury during the guilt phase of the trial. We held in *Geesa* that trial courts must define reasonable doubt in their jury charges and mandated the following six paragraph jury instruction:
>
> > [1] All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after a careful and impartial consideration of all the evidence in the case.
>
> > [2] The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense beyond a reasonable

5

doubt, and if it fails to do so, you must acquit the defendant.

[3] It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the defendant's guilt.

[4] A "reasonable doubt" is a doubt based on reason and common sense after a careful and impartial consideration of all the evidence in the case. It is the kind of doubt that would make a reasonable person hesitate to act in the most important of his own affairs.

[5] Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

[6] In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you and these instructions, you will acquit him and say by your verdict "Not guilty."

In *Paulson v. State*, we overruled the portion of *Geesa* that required trial courts to instruct juries on the definition of reasonable doubt. The appellant argues that the trial court's submission of a portion of the *Geesa* instruction was reversible error under *Paulson*. In this case, the trial court submitted paragraphs [1], [2], [3], and [6] of the *Geesa* instruction. It did not submit paragraphs [4] and [5]. On appeal, the appellant challenges only the trial court's inclusion of paragraph [3]. He acknowledges that he did not object to the inclusion of paragraph [3] at trial, but argues that the alleged error caused him egregious harm, necessitating reversal under *Almanza v. State*.[5] We held in *Paulson* that "the better practice is to give no definition of reasonable doubt at all to the jury." We specifically criticized paragraphs [4] and [5] of the *Geesa* instruction as attempting to define reasonable doubt. The instruction in the instant case did not contain these paragraphs. The trial court did not abuse its discretion by including paragraph [3] of the *Geesa* instruction in

[5]686 S.W.2d 157 (Tex. Crim. App. 1984).

6

the jury charge at the guilt or innocence phase of the trial. Point of error thirteen is overruled.

*Id.* at 114–15 (footnotes omitted).

The trial court here, like the trial court in *Woods*, submitted *Geesa* paragraphs [1], [2], [3], and [6]. It did not submit paragraphs [4] and [5]. Appellant here, like the appellant in *Woods*, challenges only the trial court's inclusion of paragraph [3] from the *Geesa* reasonable doubt instruction. Appellant here, like the appellant in *Woods*, did not object to the inclusion of paragraph [3] at trial but contends on appeal that its inclusion mandates automatic reversal. We hold, following the court of criminal appeals's holding in *Woods*, that the trial court did not abuse its discretion by including paragraph [3] of the *Geesa* instruction in the guilt-innocence phase of the trial. We overrule Appellant's second issue.

In her third issue, Appellant asserts that Criminal District Court Number One of Tarrant County had no jurisdiction over this case so that her judgment of conviction is void. Appellant claims that Criminal District Court Number One lacked jurisdiction because the case "was presented to Criminal District Court Number Two" and was not transferred to Criminal District Court Number One. Appellant candidly represents that this issue was not raised in the trial court and discharges her duty to cite adverse controlling case law. Because a complaint that a case was tried in the wrong criminal district court must be preserved in the trial court, we overrule Appellant's third issue. *See, e.g., Mosley v. State*, 354

7

S.W.2d 391, 393–94 (Tex. Crim. App. 1962); *Hernandez v. State*, 327 S.W.3d 200, 204–05 (Tex. App.—San Antonio 2010, pet. ref'd); *Lemasurier v. State*, 91 S.W.3d 897, 899 (Tex. App.—Fort Worth 2002, pet. ref'd).

Having overruled each of Appellant's three issues, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  WALKER, MEIER, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 26, 2015

8